(38 App. Div. 19.)

## In re EDSON.

(Supreme Court, Appellate Division, First Department. February 24, 1899.)

1. ESTATES—WILLS—CONSTRUCTION—LEGACIES—TAXATION—JUDGMENT ON APPEAL.

    Where the liability of a portion of an estate to taxation under the transfer tax law depended on the determination of an action to construe a will, which was appealed to the court of appeals, such question should be determined by the judgment of that court, and not by the form of the judgment entered in the supreme court, by consent of the parties to the suit, on the filing of a remittitur; the state, claiming the right to

tax, not having been a party thereto, and having taken no part in the proceedings.

2. SAME—OPINION.

Where the court of appeals in its remittitur makes its opinion a part of its judgment, the opinion may be examined to determine what was decided.

3. SAME—CONSTRUCTION—TRUSTS.

An action was brought to construe a will, and another to impress a trust on part of the property devised, on extrinsic evidence. Both actions were appealed to the court of appeals, and decided together; the decision stating that such portion passed to the executor absolutely, under the will, but that the court, exercising equitable jurisdiction, would impress a trust thereon. *Held* that, under the decision, the trust arose, not from the will, but from the extrinsic evidence.

4. SAME—BEQUEST TO AN EXECUTOR—TAXATION—TRUSTS.

Where a will bequeathed a portion of an estate to an executor absolutely, such portion is taxable under the transfer tax law, though by reason of extrinsic facts a trust thereof arose in favor of the testator's next of kin.

Appeal from order of surrogate, New York county.

The surrogate entered an order in the estate of Mary A. Edson, deceased, confirming the report of the tax appraiser, and assessing a tax on a portion of the estate, but subsequently modified his previous order by striking out such assessment (53 N. Y. Supp. 712), from which the comptrollers of the state and city of New York appealed. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Jabish Holmes, Jr., for appellants.

Edward M. Shepard and Thomas T. Sherman, for respondents.

O'BRIEN, J. Mary A. Edson died May 29, 1890, leaving a last will and three codicils, in which Messrs. John E. Parsons, John A. Bartow, and Charles S. Fairchild were named as executors. By the eighth clause of the will and the fifth clause of the second codicil, she gave her ultimate residuary estate to Messrs. Parsons, Fairchild, and Bartow, as tenants in common. Doubts having arisen as to the effect of various provisions of the will, an action was brought by the executors for a construction, which resulted in a judgment of the special term, whereby, among other things, it was adjudged:

"The following provision of the said will and second codicil thereto is valid: 'If, for any reason, any legacy or legacies left by this my will, either pecuniary or residuary, shall lapse or fail, I give and bequeath the amount thereof absolutely to the persons named as my executors. In the use of the same, I am satisfied that they will follow what they believe to be my wishes. I impose upon them, however, no condition; leaving the same to them personally and absolutely, and without any limitation or restriction.' The effect of this provision is to vest in the persons named as executors, * * * absolutely, all portions of the estate of the testatrix which she has failed validly to dispose of by any of the other provisions of her will."

This decision was affirmed on appeal to the general term (Fairchild v. Edson, 77 Hun, 298, 28 N. Y. Supp. 401); and thereafter the tax appraiser was appointed, who reported as taxable one-third of the ultimate residuary estate, valued at $118,396.98, which passed to Mr. Parsons. The valuation of this one-third is not disputed. This report was confirmed by the surrogate, who by his order assessed a

tax against Mr. Parsons, and valued his interest, and also imposed a similar tax on the other executors. Thereafter an appeal to the surrogate was taken, not by the executors of Mary A. Edson, but by the executrix of Marmont B. Edson, her brother, which appeal was heard subsequent to the decision of the court of appeals in Fairchild v. Edson and Edson v. Bartow, 154 N. Y. 199, 215, 48 N. E. 541; and the entry of the judgment thereon upon the remittitur in the case of Edson v. Bartow to this court; and the surrogate modified his earlier order assessing the taxable interests in Miss Edson's estate by striking from the list of such interests the portion given by her will to Mr. Parsons as residuary legatee, practically upon the ground that Mr. Parsons had no title or beneficial interest in the bequest of the residuary estate, but that it belonged to the brother of the testatrix, and therefore was not liable for the tax. Whether this view was right is necessarily to be determined by the judgment of the court of appeals in Edson v. Bartow, 154 N. Y. 215–222, 48 N. E. 541, and is not affected by the form of the supreme court judgment entered upon filing the remittitur in that case from the court of appeals; the state not being a party to that action, and the judgment having been entered by consent, without its having appeared or been heard. In re Protestant Episcopal Public School, 86 N. Y. 396; McGregor v. Buell, *40 N. Y. 153; Freeman v. Barber, 1 Hun, 433. The learned surrogate was undoubtedly influenced by the form of the judgment of the supreme court upon such remittitur from the court of appeals, which, in effect, adjudges that, upon the death of Mary A. Edson, her brother, Marmont B. Edson, by her will, became beneficially entitled to this one-third of her residuary estate, and that the only interest of Mr. Parsons as trustee thereunder was for the purpose of doing equity; and to that end it provides that the executors, "instead of transferring, delivering, and paying over the said one-third part of the said residuary estate of the said Mary A. Edson, deceased, to the said John E. Parsons, to be by him individually transferred, delivered, and paid over to the said  *  *  *  executrix," transfer and deliver it to her directly. The right of the state to collect the tax not being concluded by the form of the supreme court judgment in Edson v. Bartow, we are to look at the judgment of the court of appeals, as expressed in its opinion (such opinion being made by its remittitur a part of its judgment), to reach a determination as to what was therein decided. As therein said (154 N. Y. 222, 48 N. E. 547):

"We have already pointed out that, under the judgment in the first action [Fairchild v. Edson], the legacy to Mr. Parsons did pass under the will and second codicil, and that the court, in the exercise of its equitable jurisdiction, lays hold of this one-third of the estate in the hands of Mr. Parsons individually as residuary legatee, and impresses thereon a trust in favor of the next of kin. There was no intestacy as to this portion of the estate."

Neither by the express terms of the will nor of the codicil was it held that Mr. Parsons became a trustee for the brother. On the contrary, it was held that he took an absolute legacy, that he obtained under the will the legal title and was the beneficiary in one-third of the residuary estate, and that the equitable rights of the brother arose, not under the will, but from facts appearing extrinsic thereto.

The question is, therefore, whether Mr. Parsons or the brother of the testatrix took the one-third interest which it is here sought to tax under the will. If Mr. Parsons, then, under the collateral inheritance tax law (chapter 715, Laws 1887), such interest is subject to the tax. Disregarding the form of the final judgment in the supreme court, as not binding upon the state, we find that under the decision of the court of appeals the one-third of the residuary estate passed under the will, and vested in Mr. Parsons absolutely, and that no trust was imposed thereon by the will. And although it was held that, as the result of the extrinsic evidence introduced, he took it impressed with a trust in favor of the brother, this would not relieve him from the payment of the tax.

Our conclusion, therefore, is that the order appealed from was wrong, and should be reversed, and the original order made by the surrogate assessing the tax should be affirmed, with costs. All concur.