In the Matter of the Property of JOHN KANE, Deceased, Subject to Taxation under the Taxable Transfer Act, Chapter 60, Article 10, Consolidated Laws.

SECURITY TRUST COMPANY OF ROCHESTER, as Administrator, etc., of JOHN KANE, Deceased, and as Executor, etc., of ZETTA KANE, Deceased, Appellant, Respondent; STATE TAX COMMISSION, Respondent, Appellant.

Fourth Department, November 9, 1926.

**Taxation — transfer tax — stock was issued to husband and wife — said shares were held in common — later, by oral agreement, all shares of husband and wife were transferred to their names, thus to remain during life — agreement was in effect mutual gift, each to other, effective on death of one — under Tax Law, § 220, subd. 7, all shares were taxable on first death — not sufficient evidence to show agreement by wife to hold shares in trust for children — notice of appeal from pro forma order which does not comply with Tax Law, § 232, by stating " ground " raises no issue — State Tax Commission, not having raised defect until after appeal, will be deemed to have waived it — appeal by State Tax Commission from order amending notice of appeal nunc pro tunc raises no question.**

The decedent and his wife had shares of stock issued in their joint names but without intention to create a joint tenancy. Thereafter, all shares of stock held by decedent and his wife were transferred to them jointly, under an oral agreement that they were to thus remain as long as both the decedent and his wife lived. The oral agreement did not create a true joint tenancy or a true tenancy in common, but was intended as a gift by the husband and wife, each to the other, to take effect at the time of the death of either.

Under subdivision 7 of section 220 of the Tax Law, the shares in question were held in the joint names of the decedent and his wife, and were, whether or not held in joint tenancy, and whether or not any of them were donative, taxable as a transfer of the whole property on the death of the decedent.

The evidence does not sustain the contention that an enforcible contract was made between the decedent and his wife to the effect that the wife should hold

the stock impressed with or subject to a trust to bequeath it by her will to the children of decedent. Even if that fact had been established the stock would be taxable against the widow executrix.

A notice of appeal from a *pro forma* order of the surrogate is insufficient to raise any issue under section 232 of the Tax Law if it does not state the ground on which the appeal was taken.

While the notice of appeal in this case was insufficient for the reason stated, the State Tax Commission did not raise the question of insufficiency at the time of the hearing before the surrogate, nor did it return the notice of appeal or make a motion to dismiss the appeal, and, therefore, it cannot raise the question on this appeal, and, furthermore, the appeal herein from an order amending *nunc pro tunc* the notice of appeal so as to include the ground upon which it is taken, raises no issue before the Appellate Division.

REARGUMENT of an appeal by the Security Trust Company of Rochester, as executor, etc., of Zetta Kane, deceased, and as administrator, etc., of John Kane, deceased, from an order of the Surrogate's Court of the county of Monroe, entered in the office of said Surrogate's Court on the 22d day of September, 1925, modifying a transfer tax order.

Also reargument of an appeal by the State Tax Commission from so much of said order as reverses and modifies the original order fixing the tax.

Appeal by the State Tax Commission from an order of said Surrogate's Court, entered in the office of said Surrogate's Court on the 27th day of May, 1926, amending *nunc pro tunc* a notice of appeal served herein on December 11, 1924:

*Werner, Harris & Buck* [*Glenn L. Buck* of counsel], for the Security Trust Company.

*Harlan W. Rippey* [*Seth T. Cole* of counsel], for the State Tax Commission.

TAYLOR, J. In 1908, 150 shares of the common stock of the American Laundry Machine Company were issued to John Kane and Zetta Kane, his wife. Nothing occurred at that time to indicate an intention to create a joint tenancy; therefore, the shares of stock were then taken and held in common. (*Matter of Albrecht*, 136 N. Y. 91; *Matter of Kaupper*, 141 App. Div. 54; affd., 201 N. Y. 534.) There is testimony that the wife paid two hundred dollars toward the purchase price of these shares, thus accounting for four shares of the value of fifty dollars each. However, this is in doubt and is unimportant, in view of the conclusion we reach. In January, 1923, through changes in par value and by additions, these 150 shares of stock had become 900 shares of the stipulated value at the time of trial of fifty-six dollars per share. John Kane died June 26, 1924. His wife Zetta was named as executrix

in his will, under which a life use of all his property was devised and bequeathed to his wife with remainder over to his children. Zetta Kane died June 14, 1925.

In January, 1923, pursuant to an oral agreement between the husband and wife, all the shares of stock owned by John Kane, individually, and all those standing in the joint names of John and Zetta Kane (5,100 shares in all), were placed in the names of John and Zetta Kane, thus to remain while they both lived. This oral agreement cannot be construed as having created a true joint tenancy or a true tenancy in common. It was not intended by it that either spouse should have authority to dispose of any of this stock during the lifetime of the two. The transaction was to all intents and purposes a gift by the husband and wife, each to the other, of his (her) share of the stock, to take effect at the time of the death of either.

These shares being thus " held in the joint names of two or more persons " (Tax Law, § 220, subd. 7, added by Laws of 1915, chap. 664, as amd. by Laws of 1924, chap. 177), whether or not held under a true joint tenancy, and whether or not any of them were donative, would all be taxable as a transfer of the whole property to which such transfer relates, as though they all belonged absolutely to the deceased tenant. (*Matter of Cossitt*, 204 App. Div. 545; affd., 236 N. Y. 524.) For that statute does not relate to joint tenancies and tenancies by the entirety only, but comprehends all property holdings in the joint names of two or more persons.

There is not sufficient evidence to validate a conclusion that an enforcible contract was made between John and Zetta Kane in December, 1922, or January, 1923, to the effect that the wife should take all of this stock impressed with or subject to a trust to bequeath it by her will to the four children of John Kane. Even if that fact had been established, the stock would be taxable against the widow, executrix. (*Matter of Edson*, 38 App. Div. 19; affd., 159 N. Y. 568.)

On December 11, 1924, the learned surrogate of Monroe county, in accordance with section 231 of the Tax Law (as amd. by Laws of 1921, chap. 476), made a *pro forma* order assessing the transfer tax in the estate of John Kane, deceased. On the same day, Zetta Kane, widow of John Kane, individually and as executrix of the will of John Kane, appealed from that order to the surrogate of Monroe county. In the notice of appeal the appellant failed to specify any grounds upon which the appeal was taken. Section 232 of the Tax Law (as amd. by Laws of 1921, chap. 476) provides that the grounds of appeal " shall " be stated. Upon that appeal the surrogate made an order September 22, 1925, materially modify-

ing the *pro forma* order. All parties appealed from that order to this court.

The only ground of appeal stated by the State Tax Commission, in its notice of appeal, is that the full value of the stock is subject to tax, instead of one-half thereof. Nothing is said about any defect in the notice of appeal served by the other parties.

After the notice of appeal from the *pro forma* order had been served on December 11, 1924, and on the same day, a hearing was had before the surrogate judicially. The record does not show that the State Tax Commission at that time raised before the surrogate the question of the insufficiency of the notice of appeal nor that it returned the notice or made a motion at any time to dismiss the appeal. It does appear, however, that some time after December 11, 1924, the State Tax Commission filed a brief with the surrogate on said appeal, which raised the point. On May 27, 1926, long after the time to reappeal from the order of December 11, 1924, had expired, the surrogate made an order upon notice amending *nunc pro tunc* the notice of appeal, to include the grounds upon which it was taken. The State Tax Commission appealed from that order June 2, 1926. Previous to that time, and on May 6, 1926, the appeals from the modifying order of September 22, 1925, had been argued in this court, and a determination was reached by the court without knowledge that an appeal had been taken from said order of amendment. A reargument was ordered upon request, and has been heard together with the argument of the appeal from the surrogate's order permitting amendment of the notice of appeal.

A notice of appeal from a surrogate's *pro forma* order as a taxing officer in an inheritance tax proceeding, which fails to meet the statutory requirement as to specifying grounds of appeal, raises no question for review. (*Matter of Davis*, 149 N. Y. 539; *Matter of Kennedy*, 93 App. Div. 27; *Matter of Wormser*, 51 id. 441.)

But the counsel for the State Tax Commission had ample opportunity, on December 11, 1924, to raise the question of the insufficiency of the notice of appeal before the surrogate; he could have returned the notice as insufficient or could have moved promptly to dismiss the appeal for the same reason, particularly since the notice of appeal was served upon the same day as the *pro forma* order. Under such circumstances, no question is before us for review on the appeal from the amending order. By failing to take any of the steps above indicated the appellant is not in a position to raise the question in this court.

In view of the general determination we reach herein, it is unnecessary for us to pass upon the authority of the learned sur-

rogate, after the proceeding was in this court, to amend *nunc pro tunc* the notice of appeal by Zetta Kane from the *pro forma* order.

The order of September 22, 1925, should be modified by making it conform in terms with the first (*pro forma*) order of December 11, 1924, with costs to appellant State Tax Commission. The appeal from the order of May 27, 1926, should be dismissed, without costs.

HUBBS, P. J., CLARK and SEARS, JJ., concur.

Upon reargument, order modified to conform in terms with *pro forma* order of December 11, 1924, and as modified affirmed, with costs to appellant State Tax Commission.