[Civ. No. 9321. Second Appellate District, Division One.—April 20, 1934.]

In the Matter of the Estate of GODFREY EDWARDS, Deceased. OLIVE ROTHA EDWARDS et al., Appellants, v. RAY L. RILEY, State Controller, etc., Respondent.

Todd W. Johnson and Philip D. Johnston for Appellants.

David Tannenbaum, Clyde C. Triplett, Donald R. Peck, and W. H. H. Gentry for Respondent.

HOUSER, J.—As far as they may concern a determination of the question presented herein, the pertinent facts are that, in the course of the administration of the estate of Godfrey Edwards, deceased, pursuant to an order that was made by the superior court, a certain sum of money

therein determined to be due to the state as an inheritance tax was paid by said estate. Some sixteen months thereafter, for what would appear to be just and equitable reasons therefor, in accordance with that which was assumed to be the statutory provisions affecting the matter, the sole beneficiary of the estate petitioned the superior court for an order by which, if granted, its former order in the premises would be reversed, or at least modified in the amount therein ordered to be paid by said estate on account of said inheritance tax. A demurrer to said petition having been sustained by the court "without leave to amend" the petition, the instant appeal was taken from the ensuing judgment.

■ The principal and deciding issue in the case relates to the power of the superior court either to reverse, or to modify, its former order by which the amount due from the estate as an inheritance tax to the state of California was fixed and determined.

Apparently, the statutory provisions present an anomalous situation in that subdivisions 1 and 3, respectively, of section 11 of the Inheritance Tax Act, as amended August 14, 1929 (Stats. 1929, p. 1834), furnish the foundation not only for the presentation of the petition to the superior court for the reversal or the modification of the original order by which the tax upon the inheritance in the estate was authorized, but as well for the order by which the demurrer to such petition was sustained. Broadly speaking, by subdivision 1 of section 11, when it is made to appear that any debts have been proved against the estate of a decedent "after the payment of any legacy or distributive share thereof, from which any such tax has been deducted or upon which it has been paid by the person entitled to such legacy or distributive share, . . . ", a foundation is laid, by reason of which a refund to the person entitled thereto may be ordered; and by said subdivision 3 of section 11 it is provided:

"If, after the payment of any tax in pursuance of an order fixing such tax, made by the superior court having jurisdiction, such order be modified or reversed by the superior court having jurisdiction within two years from and after the date of entry of the order fixing the tax, or be modified or reversed at any time on an appeal taken

therefrom within the time allowed by law on due notice to the state controller, the county treasurer shall refund to the executor, administrator, trustee, person or persons by whom such tax was paid, the amount of any moneys paid or deposited on account of such tax in excess of the amount of tax fixed by the order modified or reversed, . . . ''

But, in addition to that which hereinbefore has been set forth, the concluding sentence of said subdivision 3 of section 11 (which forms the basis for the order by which the demurrer to the petition addressed to the superior court was sustained, and which is an amendment to the original statute) is as follows:

''This subdivision shall not be construed as giving any right to have such order modified or reversed in addition to those provided in the Code of Civil Procedure for the modification or reversal of judgment.''

It may thus be noted that, although by provision of the foundational subdivision of the section of the statute a modification or a reversal of the original order made by the superior court is authorized to be made by such court at any time ''within two years from and after the date of the entry of the order fixing the tax'' (*Estate of Brown*, 196 Cal. 114, 121 [236 Pac. 144]), by an amendment to the same subdivision of the section of the statute, in effect it is provided that the preceding language of ''this subdivision'' of the statute ''shall not be construed as giving any right to have such order modified or reversed in addition to those provided in the Code of Civil Procedure for the modification or reversal of judgment''.

By the parties to the instant appeal it seems to be agreed that at the time when the petition was presented to the superior court, by the terms of no section or statute contained within the Code of Civil Procedure was the superior court authorized to modify or to reverse its original order in the premises. The question before this court is, therefore, narrowed to a determination of the effect which the concluding provision of subdivision 3 of section 11 had, or has, upon its preceding provisions. In that connection, it appears that, in circumstances analogous to those herein, in *Estate of Brown, supra,* the Supreme Court of this state construed the language of the statute as it existed prior to

its amendment, and defined the remedy or the remedies which accrued to an interested party in an estate. In part, it was there said:

"The party complaining has under subdivision 3 an alternative remedy, one by appeal from the original order and the other by application to the superior court for a modification or reversal thereof. A party may take an appeal from the original order in the manner and within the time prescribed by the Code of Civil Procedure (part II, title XIII, chap. 1, secs. 939–959), without applying to the superior court for a modification or reversal of the original order, or apply to the superior court for a modification or reversal thereof without taking an appeal; the court having continuing jurisdiction for two years after the making of the original order within which, either on its own motion or on the application of the complaining party, to modify or reverse it. With regard to the latter remedy, the subdivision does not provide, in terms, that a party complaining may apply to the superior court for a modification or reversal of the original order but, as that court is given power to modify or reverse within two years, it would follow that the party complaining would have the right to invoke its action."

It would thus appear that at the time such decision was rendered the law of this state was that at any time within "two years after the making of the original order" the superior court had jurisdiction "to modify or reverse it". And it is not only interesting, but as well important, to note that the ruling to which attention has been directed was made in the face, and with full knowledge on the part of the court, of the existence and the application to the situation then before the court of the provisions of section 18 of the statute by which it was then, and still is, provided in part that, "except as otherwise herein provided, the provisions of the Code of Civil Procedure relative to judgments, new trials, appeals, attachments and execution of judgments, so far as applicable, shall govern all proceedings taken under this act. . . . " (Stats. 1917, pp. 880, 900.)

Also, notice should be taken of the fact that at the time when the rule in *Estate of Brown, supra,* was promulgated the statute did not contain the concluding sentence which now

appears in subdivision 3 of section 11, to which attention hereinbefore has been directed, and by which in substance the remedy for the *modification or the reversal* of an original order by which an inheritance tax is fixed is limited to such provisional statutes as may be found in the Code of Civil Procedure. The decision in *Estate of Brown, supra,* was rendered in the month of May, 1925, and it was not until more than four years later, to wit, in the month of August, 1929, that the restrictive language of the statute which by its terms is made applicable solely to subdivision 3 of section 11, was added thereto. But perhaps, notwithstanding the fact that the amended statute was not enacted at the session of the legislature next following the date of the decision in *Estate of Brown, supra,* nevertheless, it may be assumed that the statute was enacted in recognition of the effect of the rule therein announced.

From a consideration of the language contained within the opinion in *Estate of Brown, supra,* it would seem that the ruling therein included the point that the remedy for which provision is made by section 18 of the statute relates to a situation wherein an appeal from the order either has been taken or is contemplated by the aggrieved party; but at any rate, that the remedial provision of the statute has no reference or application to a petition that may be presented to the superior court for a modification or a reversal of the order in question. On the other hand, by the express language of the 1929 amendment to subdivision 3 of section 11, its application is limited to "this subdivision", and specially relates, not necessarily to an appeal, or to any procedure incident to the enforcement or the collection of a judgment, as is intimated in section 18 of the statute, but to "any right to have such order modified or reversed" by any procedure other than, or in addition to, that "provided in the Code of Civil Procedure for the modification or reversal of judgment". The former provision of the statute is necessarily general in its nature; the latter, special.

By the direct terms of the amendment in question, the remedy of an aggrieved party is expressly limited; and being later in time than the original statute, the language of the amendment is controlling.

However apparent it may be that the effect of the amendment is to abrogate, or to repeal, that provision of

the statute by which, theretofore, for a period of two years after the making of the original order, by his application to modify or to reverse such order, an aggrieved party had the right to invoke the "continuing jurisdiction" of the superior court therein, nevertheless it is just as clear that in the exercise of its constitutional powers the legislature was possessed of the authority to do just what it did in the premises. And since the Code of Civil Procedure admittedly provides no procedure for the "modification or reversal of judgment", such as was sought to be exercised by the petitioner in the superior court, it should follow that the judgment of that court which ensued pursuant to its order by which the demurrer to the petition was sustained should be affirmed by this court. It is so ordered.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 19, 1934, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 18, 1934.

Preston, J., and Tyler, J., *pro tem.*, dissented.