SEAWELL, J.
 

 This appeal is from an order fixing the amount of inheritance taxes to be paid upon devises made by the will of William A. Rath, deceased, to appellants, Kenyon Tudor Fay and Sheldon Paige Fay. Appellants are the nephews of Nellie Fay Rath, predeceased wife of the decedent.
 

 On June 27, 1934, Mr. and Mrs. Rath entered into a written agreement whereby Mrs. Rath agreed to will four parcels of real property owned by her as her separate property to her husband in the event he survived her. Mr. Rath, in turn, agreed that he would make a will devising said property “or such portion thereof as has not been used or consumed by him during his natural life for his support and livelihood, in whatsoever form the same may then be in”, to his wife’s two nephews. In the event of the death of either nephew before Mr. Rath, he was to devise the share of such nephew to his issue, or in default of issue to the surviving nephew, or his issue.
 

 Mrs. Rath died on February 8, 1935, leaving a will wherein she devised all property owned by her to her husband in fee simple absolute. He died five months later, on July 8, 1935. By his will he devised to his wife’s two nephews the real property which was the subject of the agreement of June 27, 1934. Thus Mr. Rath fully performed his agreement with his wife.
 

 In the five months intervening between his wife’s death and his own death, Mr. Rath used no part of his wife’s estate for his support. By decree of final distribution in the wife’s estate, filed on November 27, 1935, all property was distributed to the heirs or devisees of William A. Rath, subject to the administration of his estate. The husband’s estate, of which appellants are executors, is now in course of administration, and the appeal herein is taken from the order fixing the inheritance tax upon the devises contained in his will in favor of appellants, his wife’s nephews.
 

 Appellants contend that the will of Nellie Fay Rath and the contemporaneous agreement of June 27, 1934, should be read “as one document”, with the result that under said will the husband received a life estate, with power to use and
 
 *403
 
 consume the principal for his support, and with remainder to the wife’s two nephews of the portion unconsumed at his death. This species of life estate has been recognized when created by the terms of the will of a testator. (Cases cited,
 
 infra.)
 
 In this interpretation the two nephews would take as remaindermen under the wife’s will, and would be allowed a greater exemption from taxation as relations of the wife than if, as held by the court below, their succession is referred to the husband, to whom their status, under the Inheritance Tax Act, is that of strangers. They would further profit from the construction for which they contend in that the rates of taxation prevailing when Mrs. Bath died were lower than those in effect on the death of Mr. Bath. The difference involved is $812.94.
 

 If appellants’ contention is correct, then an inheritance tax should have been charged against their interests in the probate of the estate of Nellie Fay Bath, and no tax would then have become due from them in the estate of Mr. Bath. In the estate of Nellie Fay Bath the court fixed the inheritance tax as upon a transfer in fee simple absolute to Mr. Bath. The net value of the estate for inheritance tax purposes was $12,875.74. After allowing Mr. Bath the exemption of $10,000 permitted to a husband by the Inheritance Tax Act in force at the date of Mrs. Bath’s death (sec. 6, Inheritance Tax Act of 1921, Stats. 1921, p. 1500; Stats. 1929, p. 1840), the tax amounted to $28.75 at the rate of one per cent on the balance of $2,875.74. No tax was assessed against appellants herein in the estate of Mrs. Bath. They had informed the inheritance tax appraiser in said estate of the agreement. Appellants now state in their briefs that they are not seeking to escape taxation through this appeal in the estate of Mr. Bath, but they are willing to pay a tax based on their relationship to Mrs. Bath and at the rates prevailing at the time of her death.
 

 We are of the view that appellants are entitled to prevail, but not precisely on the theory advanced by them. The will of Mrs. Bath, executed with the formalities required for testamentary instruments, and the agreement not shown to have been thus executed, cannot be construed together “as one document”. The provisions of an instrument not complying with the requirements for testamentary documents, and not incorporated by reference in the testator's will, can
 
 *404
 
 not be imported into or become a part of the will, as such. The court in the estate of Mrs. Rath properly ordered distribution in accordance with her will, which disposed of her property in fee to Mr. Rath.
 
 {Estate of Everts,
 
 163 Cal. 449, 454 [125 Pac. 1058];
 
 Curdy
 
 v.
 
 Berton,
 
 79 Cal. 420 [21 Pac. 858, 12 Am. St. Rep. 157, 5 L. R. A. 189];
 
 In re Sharp’s Estate,
 
 17 Cal. App. 634 [120 Pac. 1079]; 26 Cal. Jur. 975.)
 

 Had Mrs. Rath devised the property to her husband, with a provision in her will that the portion unconsumed for his support should pass to her nephews, the husband’s estate under the will would have been a life estate, with power to use and consume principal, and with remainder over to her nephews. This species of life estate has been recognized in a number of decisions in this state.
 
 {Colburn
 
 v.
 
 Burlingame,
 
 190 Cal. 697 [214 Pac. 226, 27 A. L. R. 1374];
 
 Hardy
 
 v.
 
 Mayhew,
 
 158 Cal. 95 [110 Pac. 113,139 Am. St. Rep. 73];
 
 Luscomb
 
 v.
 
 Fintzelberg,
 
 162 Cal. 443 [123 Pac. 247];
 
 Adams
 
 v.
 
 Prather,
 
 176 Cal. 33 [167 Pac. 534];
 
 Estate of Tooley,
 
 170 Cal. 164 [149 Pac. 574, Ann. Cas. 1917B, 516]; see, also,
 
 Chestnut
 
 v.
 
 Chestnut,
 
 300 Pa. 146 [151 Atl. 339, 75 A. L. R. 66];
 
 In re Wettengel’s Estate,
 
 278 Pa. 571 [123 Atl. 488];
 
 Allen
 
 v.
 
 Hirlinger,
 
 219 Pa. 56 [67 Pac. 907, 123 Am. St. Rep. 617, 13 L. R. A. (N. S.) 458].)
 

 In the case herein the estate devised to the husband by the will of his wife was an absolute estate in fee simple. But said estate was subject to the charge of the valid contract, enforceable in equity, that the husband should use and consume the estate only for “his livelihood and support”, and that the unused portion should be devised by him to his wife’s nephews. Had he either died intestate or devised the property to other persons, such persons would have held the property as constructive trustees for said nephews, and could have been compelled in an equitable action to turn over the property to the nephews.
 
 {Estate of Bolls,
 
 193 Cal. 594 [226 Pac. 608];
 
 McCabe
 
 v.
 
 Healy,
 
 138 Cal. 81 [70 Pac. 1008];
 
 Owens
 
 v.
 
 McNally,
 
 113 Cal. 444 [45 Pac. 710, 33 L. R. A. 369]; 25 Cal. Jur. 152; 26 Cal. Jur. 834.)
 

 By virtue of the contract the husband’s beneficial interest was limited to his wife. He was a trustee for his wife’s nephews, for whose benefit the contract expressly was made. In so far as the equitable estate is concerned, rather than the bare legal title, he had a life estate with power to consume, and the nephews had the interest in remainder.
 

 
 *405
 
 This brings us to the core of the problem in the instant case. Must the probate court in fixing inheritance taxes consider only the legal interest passing under a will or by intestate succession, or may it also take cognizance of trusts depending on valid extrinsic agreements to determine the persons entitled to the beneficial enjoyment of the property ?
 

 A testator may devise his property absolutely to one who bears him no relationship, subject to a valid trust depending on an extrinsic agreement under which a near relative, perhaps a wife or child, has the sole beneficial enjoyment of the property. In such a case must the court in assessing the tax look only to the will? In view of the fact that a stranger to the blood succeeds to an absolute estate under the will, must the court apply the rates applicable to strangers ?
 

 Conversely, the testator may make an absolute bequest to a near relative, who by virtue of an extrinsic agreement may hold subject to a valid trust for the sole benefit of a stranger to the blood of the testator. The transaction may have taken this form without an intent to escape taxation, but if in fixing the tax the court may look only to the will, the bequest of which the stranger has the beneficial use will escape taxation in whole or in part.
 

 The Inheritance Tax Act contains no express provision with regard to taxation where trusts or charges extrinsic to the will exist. However, considering the act as a whole, we are of the view that the intent is that the tax shall be measured by beneficial succession. The tax provided for is a succession tax. It is a tax on the privilege of succeeding to property.
 
 (Estate of Miller,
 
 184 Cal. 674 [195 Pac. 413,16 A. L. R. 694];
 
 Estate of Watkinson,
 
 191 Cal. 591 [217 Pac. 1073]; 24 Cal. Jur. 425.) The amount of the tax is proportionate to the benefit received. The rate of taxation, as well as the amount of exemption, depends on relationship to the decedent. Transfers “in possession or enjoyment, present or future”, are taxable. (Sec. 1, subd. 3, Inherit. Tax Act.) ■ The rates of taxation under section 4, are dependent on relationship to the decedent of any person “entitled to any beneficial interest”.
 

 The Inheritance Tax Act reaches transfers by instruments which are nontestamentary, as well as those which arise by will, or by intestate succession. (Sec. 2, subd. 3.)
 
 *406
 
 Distribution may be ordered only in accord with the instrument which is testamentary. But for purposes of fixing the inheritance tax beneficial succession is the measure. For such purpose we are of the view that the court may consider agreements extrinsic to the will which limit the absolute estate devised by will. Section 15 expressly recognizes that in fixing the inheritance tax the probate court may consider matters not before it in the distribution of an estate. Where the decedent has made transfers
 
 inter vivos
 
 in contemplation of death, the probate court determines the tax on such transfers of property which constitutes no part of the estate for probate, as well as the tax due on transfers by the will of the decedent. The order fixing inheritance taxes, which may incidentally determine questions in regard to succession and beneficial ownership, is not binding except for tax purposes as between those who claim the' estate, whether as heirs, legatees, or beneficiaries of a trust extrinsic to the will.
 
 (In re Lloyd’s Estate,
 
 106 Cal. App. 507 [289 Pac. 892].)
 

 “Revenue or taxation acts are not to be approached with a spirit of hostility and with a purpose of ignoring the intention of the legislature. . . . The interpretation of tax statutes must in all eases be reasonable.
 
 (Riley
 
 v.
 
 Havens,
 
 193 Cal. 432 [225 Pac. 275].) No construction should be given a statute which would make its application impracticable, unfair or unreasonable.”
 
 (Estate of Parrott,
 
 199 Cal. 107 [248 Pac. 248].)
 

 Research has revealed only a few decisions bearing on the question herein involved. The appellate court in
 
 In re Holt’s Estate,
 
 61 Cal. App. 464 [215 Pac. 124], said by way of
 
 dictum
 
 that it found “persuasive” argument in the authorities which look beyond the will to ascertain the ultimate vestiture of beneficial interest.
 

 In
 
 People
 
 v.
 
 Tombaugh,
 
 303 Ill. 591 [136 N. E. 453], the purchaser of real property caused title thereto to be taken in the name of his wife upon her agreement at her death to will the property to his seven children, six of whom were children of a prior marriage, and hence strangers to the blood of the wife. She performed her promise. The court held that although the deed was absolute, by virtue of the oral agreement the wife held the property in -trust for the children, whose beneficial interests passed to them from their father, and were exempt from an inheritance tax, being below the statutory exemption allowed children.
 

 
 *407
 
 In
 
 People
 
 v.
 
 Schaefer,
 
 266 Ill. 334 [107 N. E. 617], the court considered a ease where a devise absolute by will was subject to an extrinsic agreement to use the entire bequest for valid charitable purposes, which would have been exempt if provided for by will. Anthony Wagner devised his property to his brother, James Wagner, subject to the extrinsic trust for charitable purposes. The brother died sixteen days after Anthony Wagner, himself leaving a will wherein he devised the property received from his brother Anthony to Peter P. Schaefer, subject to an extrinsic agreement with Schaefer to carry out the benevolent purposes of Anthony Wagner. The court considered the existence of the valid charitable trust and ruled that no tax was due in either estate.
 

 The decisions in
 
 In re Romney’s Estate,
 
 60 Utah, 173 [207 Pac. 139, 143], and
 
 Winn
 
 v.
 
 Schenck,
 
 (Ky.) 110 S. W. 827, are to the same effect. Where the first taker appears by deed or will of the donor to have an absolute title, but said title is subject to a trust resting on an extrinsic agreement, the succession of those for whom the first taker holds is referred to the donor, rather than to the first taker.
 

 The only decisions which have come to our attention in which the court in assessing the tax has refused to look beyond the will are in New York.
 
 (In re Edson,
 
 38 App. Div. 19 [56 N. Y. Supp. 409], affirmed by memo, opinion, 159 N. Y. 568 [54 N. E. 1092];
 
 In re Kane’s Estate,
 
 218 App. Div. 278 [218 N. Y. Supp. 131];
 
 Trustees of Amherst College
 
 v.
 
 Ritch,
 
 151 N. Y. 282 [45 N. E. 876, 894, 37 L. R. A. 305] (dictum); these cases are
 
 contra
 
 to earlier decisions in
 
 In re Murphy,
 
 4 Misc. 230 [25 N. Y. Supp. 107], and
 
 In re Farley’s Estate,
 
 15 N. Y. St. Rep. 727.)
 

 Decisions such as
 
 In re Grogan,
 
 63 Cal. App. 536 [291 Pac. 87],
 
 In re Gould’s Estate,
 
 156 N. Y. 423 [51 N. E. 287], and
 
 In re Kidd’s Estate,
 
 188 N, Y. 274 [80 N. E. 924], do not consider the problem determined herein. Said decisions are to the effect that a transfer made by will is taxable although in pursuance of a contract, in payment of a debt, or for services rendered. Said decisions had reference to a situation where the testator is disposing of his own property, not of property held by him in trust for others, as to which his will is a mere conduit of title.
 

 In the instant case, having regard for the agreement of June 27, 1934, Mr. Rath took only a life estate for in
 
 *408
 
 heritance tax purposes. The tax due upon the interests of the nephews was a matter for consideration in the estate of Mrs. Rath. The order fixing the inheritance tax in her estate has not been, included, in the record herein. However, it is conceded by the parties that in said proceeding no tax was charged upon the interests which the nephews of Mrs. Rath, appellants herein, had by virtue of the agreement of June 27, 1934.
 

 An order fixing inheritance taxes has the incidents of a final judgment. (Secs. 16 and 18, Inheritance Tax Act;
 
 Estate of Brown,
 
 196 Cal. 114 [236 Pac. 144];
 
 Kelshaw
 
 v.
 
 Superior Court,
 
 137 Cal. App. 189 [30 Pac. (2d) 432];
 
 Estate of Edwards,
 
 138 Cal. App. 162 [32 Pac. (2d) 179].) Conceding for purposes of discussion that the order as to inheritance taxes made in the estate of Mrs. Rath would, in the circumstances appearing, bar collection of an inheritance tax from appellants on the estate derived by them through the will of Mrs. Rath and the agreement of June 27, 1934, considered together, we are of the view that appellants must be deemed to have waived any bar created by said order. Appellants have reiterated in their briefs that they are not seeking to escape taxation altogether upon their interests, but that they stand ready to pay a tax based on their relationship to Mrs. Rath and at the rates in effect at her death. In the absence of any bar which may have been created by the inheritance tax order in the estate of Mrs. Rath, the tax which should have been assessed therein against the interests of appellants would, remain a lien upon the property until paid. (See. 3 and see. 8, subd. 1, Inheritance Tax Act.) Since appellants will now receive the property through the will of Mr. Rath as a conduit of title, and since they must be deemed to have waived any bar to collection of the tax arising from the inheritance tax order in the estate of Mrs. Rath, the court in the estate of Mr. Rath may now require payment of a tax on appellants’ interests based on their relationship to Mrs. Rath and at the rate in effect at her death prior to distribution to appellants.
 

 If Mr. Rath had not died the problem of assessing the interests of the nephews would have been difficult, but it would have been the same had Mrs. Rath by her will devised to Mr. Rath a life estate, with power to consume principal for his support, and with remainder over to her nephews.
 
 *409
 
 The assessment of contingent interests, or vested interests liable to divest on a contingency, is in its nature a difficult matter. The act contemplates that the assessment shall be made as therein provided for, with provision for postponing the fixing of the tax, upon the filing of a bond, until the maturing of the contingency shall permit exact valuation of the interest, for refunds under some circumstances where subsequent events demonstrate that the tax paid was too large, and for compromise and settlement of taxes on contingent interests. (Sec. 8.) In the instant case there is no difficulty in now assessing the tax, since Mr. Bath died without using any part of the property.
 

 The portion of the order appealed from is reversed.
 

 Shenk, J., Waste, C. J., Langdon, J., and Edmonds, J., concurred.