In the Matter of the Estate Tax on the Estate of MICHEL C. BOUVIER, Deceased.

STATE TAX COMMISSION, Appellant; JOHN G. BISHOP, RUSSELL A. COYKENDALL and JOHN VERNOU BOUVIER, JR., as Executors, etc., of MICHEL C. BOUVIER, Deceased, Respondents.

First Department, October 27, 1939.

*Jerome M. Hirsch* of counsel [*Charles A. Jacobs* with him on the brief], for the appellant.

*C. S. Huffman, Jr.,* of counsel [*Bouvier & Beale,* attorneys], for the respondents.

CALLAHAN, J.   Michel C. Bouvier died on July 29, 1935, leaving a last will and testament which provided, among other things, as follows:

" *Third.* I give and bequeath to my nephew, John Vernou Bouvier, Jr., in addition to the other provisions of this Will for his benefit, and in addition to the legal fees which he will receive as one of the Executors of this my Will, the sum of $50,000 absolutely. Without in any way limiting the absoluteness of this bequest, I request my said nephew to distribute so much of said sum, in such manner and among such friends and charities, as I may designate by a letter or letters addressed to him, and to pay over any balance remaining after such distribution, to the Executors of this Will as part of my residuary estate, disposed of by Clause ' Twelfth ' of this Will."

This will was executed on November 28, 1927. Thereafter and on the 16th day of January, 1931, a codicil was executed reaffirming the will. On the same day a letter was delivered by decedent to John Vernou Bouvier, Jr., reading as follows:

" My dear John:

" Under the ' third ' clause of my Will, executed the 28th day of November, 1927, I bequeathed to you the sum of fifty thousand dollars for the purpose of you making certain payments which I proposed to name at a later date.

" I have now decided to make of this fifty thousand dollars the following distribution:

| | |
|---|---|
| Little Sisters of the Poor | $10,000 |
| St. Vincent de Paul Orphan Asylum | 10,000 |
| New York Foundling Hosp | 10,000 |
| Home of Calvary, Cancer Hosp | 10,000 |

" These sums are to be added to those made the same institutions under the ' Fourteenth ' clause of my Will on page twelve and the original amounts of ten thousand dollars therein bequeathed to each of the four described charities will thereby be increased to twenty thousand dollars.

" Of the remaining ten thousand dollars of the fifty thousand dollars bequest I request you to pay to Belle Vernou Anderson, my cousin, $5,000.00. This sum to be paid her at the same time as payment is made to the beneficiaries under the ' Fourth ' clause of my will. Under this clause Walter Vernou is to receive five thousand dollars. I hereby request you to increase this sum of five thousand dollars by five thousand dollars making his bequest $10,000.

" I here emphasize my request to you and to your co-executors that all of the bequests under my Will up to and including the ' eleventh ' clause be paid to the various beneficiaries at the earliest possible moment after my death. I have no personal debts and there is no reason for my Executors to wait the accustomed year to

make payment. My sister surviving me I desire the same expedition with regard to the bequests payable after her death and to the various trusts to be created.

" With absolute confidence you will carry out the request herein made, I am

" Affectionately your uncle
" (Sgd) MICHEL C. BOUVIER.

" January 16, 1931.
" To
" Mr. JOHN VERNOU BOUVIER, JUNIOR."

Thereafter a second codicil was executed in which the will was again reaffirmed.

John Vernou Bouvier, Jr., was the residuary legatee and was named as one of the executors of the will. Shortly after the death of the testator, John Vernou Bouvier, Jr., made the payments mentioned in the letter to the various charities therein named. The question presented is whether the $40,000 thus paid is to be deducted from the gross estate for the purpose of ascertaining the amount subject to tax.

Section 249-s of the Tax Law provides that for the purpose of ascertaining the value of the net estate to be taxed there shall be deducted from the value of the gross estate the amount of all bequests to or for the use of corporations incorporated and operated exclusively for religious, charitable or educational purposes.

It is conceded that the four charities named are within the class to which the statute grants exemption. The dispute concerns the question as to whether these charities received the $40,000 as bequests under the will, or as gifts from John Vernou Bouvier, Jr.

The pro forma order did not allow the deduction. Upon appeal the surrogate modified the pro forma order and granted the deduction. In doing so he acted on the statement of John Vernou Bouvier, Jr., that he had agreed with the testator to distribute the $50,000 in accordance with the testator's wishes. The surrogate applied the rule of law that where a person, knowing that a legacy to him is intended by the testator to be applied to purposes other than his own benefit, either expressly or impliedly promises that he will carry out the testator's wishes, a trust is created. Upon application for reargument the surrogate indicated that had certain authorities been called to his attention, his decision would have been against granting exemption. (See Matter of Bouvier, N. Y. L. J. July 2, 1937, p. 23.) He held, however, that he was without power to vacate his order, and that the only remedy available was by appeal.

We deem it that the authorities require us to hold that unless the charity takes the property under the will itself no exemption is to be granted.

In *Matter of Edson* (38 App. Div. 19; affd. on opinion below, 159 N. Y. 568) the following facts appeared: The decedent, Mary A. Edson, by her last will and codicils, had provided a residuary clause as follows:

"*Fifth.* The rest, residue and remainder of my estate not disposed of by my will or by any codicil, I give and bequeath to my executors, to be divided by them among such incorporated religious, benevolent and charitable societies of the City of New York and in such amounts as shall be fixed or appointed by them with the approval of my friend, the Rev. Dr. William R. Huntington, if living."

An action was instituted for the construction of the will and a second action was brought to impress a constructive trust in favor of an heir at law, upon the ground that one of the legatees, who had acted as legal adviser of the testatrix and drafted the will, took the residue for the purpose of circumventing the statute prohibiting charitable trusts being created within two months of the death of the testator. The action for construction resulted in a judgment declaring that the residuary clause was valid, that the executors took the same as an absolute gift; and that no trust was created upon the face of the will. In the second action, however, the court in equity refused to permit the legatee to retain the legacy, but declared a trust *ex maleficio* in favor of the heir at law based upon extrinsic evidence. The final determinations of our Court of Appeals construing the Edson will and declaring the trust in respect to the proceeds of the bequest therein are found in *Fairchild* v. *Edson* and *Edson* v. *Bartow* (154 N. Y. 199).

After the determination of the cases last cited the tax aspect of the estate of Mary A. Edson came up for determination. The issue on which the disposition of the tax question depended was whether under the will the legatee or the heir at law took the interest upon which the trust had been eventually declared. The court (38 App. Div. 19) held that as the interest involved had passed under the will to the legatee absolutely, and as no trust was impressed thereon by the will, but by operation of law, this legacy was taxable.

In *Mississippi Valley Trust Co.* v. *Commissioner of Internal Revenue* (72 F. [2d] 197) issues were involved quite similar to those in the case at bar. The question presented was whether under a statute similar to our Tax Law a gift to a university was exempt. The provision of the will in that case read: "I have heretofore expressed to my sons my wishes as to certain charitable gifts and I therefore make no such bequests herein, preferring that

my sons shall make such donations within their sole discretion as shall seem to them to be best."

Pursuant to this testamentary request, the sons did give $1,000,000 to a university, which concededly was an exempt corporation. The court said:

" It has been repeatedly held that this estate tax is upon the power of transmission from decedent which is made active by death, [citing cases] and it is in strict line with this principle that section 303* requires that charitable bequests allowable as deductions must have the same generating source, since it uses the testation words ' bequests, legacies, devises.' * * *

" The meaning of this language is that the testator and he alone must provide for the charitable bequest. It means that the provision by the testator must be one that is definite in ascertainment and that is legally enforceable; it must possess the qualities of a definite command which will define the legal rights of all parties to the property intended to be affected."

Unless, therefore, it can be said that a trust was created by the present will in favor of the four charities named, there would be no exemption. In other words, if John Vernou Bouvier, Jr., took the $50,000 under the will absolutely and not in trust for charitable purposes, the fact that he thereafter paid the whole or part of the bequest to the charities in compliance with the decedent's wishes would not affect liability for the tax.

A trust is not created by mere precatory provisions, unless at least it appears that the testator intended to create an enforceable trust thereby.

*Edgar* v. *Waldo* (227 N. Y. 656) involved the construction of a will providing that the residue was bequeathed to two executors named therein. The clause involved read as follows: " I desire them to distribute my said residuary estate among such religious, charitable, and educational corporations as they may designate."

The court held that this clause created no trust, but operated as a gift of the entire residuary estate to the executors free of any trust whatsoever.

The question, therefore, reverts to one of construction of the present will.

It would seem clear from a reading of the " Third " clause that an absolute gift was made thereby to John Vernou Bouvier, Jr. The use of the word " absolutely," coupled with the clause immediately following, indicates that the precatory provisions were not in any way to limit the absoluteness of the bequest. In fact the clause specifically states that the request that the legatee distribute

---

* Revenue Act of 1926, 44 U. S. Stat. at Large, 72.— [REP.

so much of the money among the charities as may be designated by subsequent letter, and the request to pay over any balance remaining after such distribution to the residuary estate, are not to limit the absolute nature of the bequest. Unless, therefore, the subsequent letter of January 16, 1931, may be read into the will, so as to alter the construction that would be placed on the will standing alone, the bequest to John Vernou Bouvier, Jr., would appear to be taxable.

Respondents rely largely on *Matter of Rausch* (258 N. Y. 327) as authority for incorporating the letter into the will by reference. They also cite *Matter of Piffard* (111 N. Y. 410) and *Matter of Fowles* (222 id. 222) as supporting such incorporation.

We think that these authorities do not support respondents' contention in the present case. In substance, these cases held that properly authenticated documents might be incorporated by reference into the wills for the purpose of identifying benefits conferred under the wills, or the persons to whom they were payable. In each instance the document incorporated was used to carry out an intention expressed in the will and to make same effective. In the present case respondents seek to give effect to an unauthenticated letter to modify the nature of a bequest made in the will.

In *Booth* v. *Baptist Church* (126 N. Y. 215, 248) an attempt was made to give effect to an unauthenticated memorandum by reference. The court refused to do so, because, as it stated, " the office of the paper, if it shall operate at all, is to give specifically what was not so given by the will; to change its terms in a material respect; to alter a bequest and modify the rights of the legatees."

In the light of these decisions we must hold that the unauthenticated letter of January 16, 1931, may not be incorporated for the purpose of construing the absolute bequest to be one creating a trust. Assuming, therefore, that the promise made by John Vernou Bouvier, Jr., to the testator might have created a trust in favor of the charities, this would not be controlling on the question of exemption. The trust was not created by the will. The exemption was properly refused under the circumstances, and the *pro forma* order was correct.

The order appealed from should be reversed, with costs to the appellant, and the *pro forma* order fixing and assessing the tax should be reinstated.

MARTIN, P. J., O'MALLEY, TOWNLEY and DORE, JJ., concur.

Order unanimously reversed, with costs to the appellant, and the *pro forma* order fixing and assessing the tax reinstated.