[Civ. No. 57741. Second Dist., Div. Four. Dec. 23, 1980.]

CITY OF LOS ANGELES, Plaintiff and Respondent, v.
WILSHIRE CREST MEDICAL GROUP, Defendant and Appellant.

---

**COUNSEL**

Bruce P. Wolfe for Defendant and Appellant.

Burt Pines, City Attorney, Thomas C. Bonaventura, Senior Assistant City Attorney, and Ronald A. Tuller, Deputy City Attorney, for Plaintiff and Respondent.

---

**OPINION**

**LAIDIG, J.***—Appellant taxpayer complains of the manner in which the City of Los Angeles seeks to apply its tax on business activities. Such complaint verges on an invitation to an excursion in frivolity.

We are importuned to ignore the definition of the term "gross income" contained in the statute establishing the tax in question and to substitute therefor the definition of the term "receipts" contained in a legal dictionary which, in turn, used as its source a Tennessee case construing a statute of that state. We decline, for the reasons hereafter stated, to indulge in such an obliquity.

Appellant is a medical corporation which employed individuals to practice medicine within the City of Los Angeles during 1972, 1973, and 1974. In the court below respondent sought to recover an assess-

---

*Assigned by the Chairperson of the Judicial Council.

ment for unpaid business taxes during the years in question. The evidence was reduced to an agreed statement of facts.

■ The issue in controversy was the propriety of appellant's use of the cash method of accounting to report its gross receipts used to measure the business tax for 1972-1974. The court below agreed with respondent's contention that the accrual method[1] of accounting should have been utilized in computing such gross receipts.

Section 21.03 of the Los Angeles Municipal Code imposes a business tax on every person engaged in any of the businesses described in sections 21.50 through 21.198 of the code. The practice of medicine is one of the businesses taxed under section 21.190. The tax is measured by a rate of $5 for each $1,000 of gross receipts or fraction thereof. The term "gross receipts" is defined in section 21.00 of the Los Angeles Municipal Code as follows: "The total amount of the sales price of all sales, the total amount charged or received for the performance of any act, service or employment of whatever nature it may be, whether such service, act or employment is done as part of or in connection with the sale of goods, wares, merchandise or not, for which a charge is made or credit allowed, including all receipts, cash, credits and property of any kind or nature, any amount for which credit is allowed by the seller to the purchaser without any deduction therefrom on account of the cost of the property sold, cost of materials used, labor or service cost, interest paid or payable, losses or any other expense whatsoever...."

Appellant maintained its books of account on the cash basis and timely reported gross receipts utilizing the cash method of accounting and paid the tax thereon for the years in question. Pursuant to an an audit of appellant's business records the city clerk reconstructed the gross receipts and tax liabilities thereon utilizing the accrual method of accounting, and levied an assessment for the difference in the amount paid by appellant and the amount determined to be owing. The assessment was affirmed in an administrative hearing after which the city sought recovery in an action in the superior court.[2] Judgment was rendered for $3,135.16 including penalties and interest.

[1] The agreed statement of facts states that the city required, "...gross receipts be reported on the accrual basis, by accounting for an item of income upon its billing, less billing adjustments, regardless of when, if ever, payment therefor is received," It is in this sense that the term "accrual basis" is used in this opinion, and it embraces no allowance for bad debts or business expenses.

[2] The municipal court has no jurisdiction of cases "which involve the legality of any tax, impost, assessment, toll, or municipal fine...." (Code Civ. Proc., § 86 (formerly

Although section 21.00 of the Municipal Code states that the term "gross receipts" includes the total amount "for which a charge is made or credit allowed" and that the definition shall apply to all provisions of the article in which it appears "except as otherwise specifically provided," appellant contends that because section 21.14 requires a taxpayer to file "a written statement setting forth the gross receipts of the preceding year," the statute must be deemed ambiguous.

Counsel asks the court to ignore the statutory definition of the term "gross receipts." He offers a definition of the word "receipt" from Black's Law Dictionary (4th ed.) "Act of receiving; also, the fact of receiving or being received; that which is received; that which comes in, in distinction from what is expended, paid out, sent away, and the like."

In support of this definition Black's Dictionary cites *State v. Texas Co.* (1938) 173 Tenn. 154 [116 S.W.2d 583, 584]. The Tennessee case concerned the construction of a Tennessee statute on the "gasoline privilege tax." The amount due was to be determined by "true invoice receipts."

It will thus be seen that the construction of the statute contended by appellant is based upon inapposite authority and his desire that the court ignore the explicit terms of the statute applicable to the circumstances before the court.

Appellant also appears to contend that because in income tax matters a taxpayer is free to select either a cash basis or an accrual basis that the taxpayer should also have his option with respect to the business tax. Taxpayer concludes that because there is an element of some unfairness in basing a tax on an item that may never mature into a benefit for the taxpayer, i.e., an unpaid bill, that the statute must be construed in such fashion as to eliminate this unfairness. The taxpayer does not, however, contend that the statute is unconstitutional or otherwise invalid.

This court should not reconstruct a statute and ignore its plain meaning simply because it would be rendered more palatable or fair by such a process. Revenue acts should not be "'. . . approached with a spirit of hostility and with a purpose of ignoring the intention of the legisla-

---

§ 89).) (See *Cowles v. City of Oakland* (1959) 167 Cal.App.2d Supp. 835, 838-840 [334 P.2d 1069].)

ture...."' (*Estate of Rath* (1937) 10 Cal.2d 399, 406 [75 P.2d 509, 115 A.L.R. 836].) Where the language of a statute is clear there is no room for construction. (*Lockhart v. Wolden* (1941) 17 Cal.2d 628, 630 [111 P.2d 319].)

The case of *City of Los Angeles v. Clinton Merchandising Corp.* (1962) 58 Cal.2d 675 [25 Cal.Rptr. 859, 375 P.2d 851], relied upon by appellant does not actually support his position. It merely holds that the Los Angeles city business tax statute does not require payment of taxes on amounts received as reimbursement for advances made for the benefit of other persons for whom the taxpayer acts as a business manager, since such items do not come within the statute's own definition of "gross receipts."

The term "gross receipts" as used in the statute in question has heretofore been considered by this court. In *Hospital Medical Collections, Inc. v. City of Los Angeles* (1976) 65 Cal.App.3d 46, 51 [135 Cal.Rptr. 147], the court stated: "We note, first of all, that section 21.00, subdivision (a), not only refers to 'gross receipts' as those dollar amounts received by the taxpayer, but also includes in its definition 'the total amount *charged*...for the performance of any act, service or employment ....' (Italics added.) The framers of the ordinance apparently intended to include as 'gross receipts' the total amount charged for a particular business transaction, without limitation in the form of requiring actual collection by the taxpayer...."

The court determined in that case that, while the receipts of a collection agency from activity within the state were taxable items, the statute contained an exclusion as to receipts from out of state.

In another proceeding under the same statute a taxpayer was held to have "gross receipts" even though no money was actually received. (*City of Los Angeles v. Security Systems, Inc.* (1975) 46 Cal.App.3d 950 [120 Cal.Rptr. 600].)

The judgment is affirmed.

Files, P. J., and Kingsley, J., concurred.