No. 30,781.

THOMAS M. SMITH, *Appellee*, v. L. H. MARSHALL, J. P. MARSHALL, SAMUEL T. MARSHALL, et al., *Appellants*.

(19 P. 2d 441.)

Opinion filed March 11, 1933.

*Charles W. Roberts, Lloyd S. Roberts,* both of Winfield, and *C. L. Swarts,* of Arkansas City, for the appellants.

*Willard J. King,* of Geuda Springs, and *Bert E. Church,* of Wellington, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Thomas M. Smith brought this action to specifically enforce a contract alleged to have been made with John Houston, that the latter would will to plaintiff all of his property in consideration that Smith should look after and care for Houston the remainder of his life. In the action L. H. Marshall, J. P. Marshall and Samuel T. Marshall, nephews of John Houston, were named as defendants. A trial of the action resulted in favor of the plaintiff, and defendants appeal.

The allegations and claim of plaintiff are that in 1915 the wife of John Houston died and that there were no children in the family. In 1916, when Houston was about seventy-five years of age, he

entered into a contract with Thomas M. Smith to devise to him all of the property owned by Houston at his death in consideration that Smith would care for Houston and be a home companion to him the remainder of his life. Houston, it was further alleged, was taken to the home of Smith and was there cared for, entertained, nursed through periods of sickness, until the death of Houston in 1931, a period of about fifteen years; that Smith fully performed his part of the contract, and to do so had given up other avocations and activities and had done all the things contemplated by the parties in the agreement made in 1916.

The defendants, who were found to be the only surviving heirs of Houston, filed a general denial and are insisting that the evidence produced does not support the judgment, and that the special findings are inconsistent with the judgment rendered.

A reading of the evidence leaves no doubt that the contract alleged was made, and its existence was afterwards recognized and confirmed by Houston from time to time during the fifteen years that he was cared for by plaintiff. It appears that Houston was about seventy-five years of age, living alone, when the contract was made. Smith cared for him in the Houston home from the fall of 1916 to the spring of 1917, and then took him to the Smith home where he was kept until his death in 1931. There was no disagreement between them as to the care given to Houston throughout the period. In the later years of Houston's life he was very feeble, almost blind, and at times was delirious. Smith bathed and dressed him, read to him, played his favorite games with him and gave him needed care. The court found upon the evidence—

"That the plaintiff Smith has fully performed the covenants and conditions on his part required to be performed; that since the making of said contract said Smith has cared for the said Houston; has since the year 1917 provided the said Houston a home in said Smith's residence in Geuda Springs; has been the constant companion during the years of the lifetime of the said Houston since the making of said contract; has entertained the said Houston at his favorite pastime of cribbage; has nursed and cared for him during his periods of sickness and has refrained from other vocations in order to provide the care and companionship as stipulated by agreement of the parties, and has in all respects done those things contemplated by the parties to be performed by the said Smith."

This finding, we think, is well sustained by the evidence and we have no hesitation in holding that the findings support the judgment.

It is true the contract was oral, and defendants contend that it was not definite enough in its conditions to be enforceable. While it was not elaborate, it did specify what was to be done by Smith and the consideration he was to receive for the service. The contract was simple and easily understood. It was made by parties competent to contract. There is no question as to its mutuality. It is sufficiently definite as to purpose and subject matter, we think, to be open to proof and, if proven, to warrant a court in adjudging a specific performance. It has been said of a similar contract that—

"When a definite contract to leave property by will has been clearly and certainly established, and there has been performance on the part of the promisee, equity will grant relief, provided the case is free from objection on account of inadequacy of consideration and there are no circumstances or conditions which render the claim inequitable. This is the general doctrine adhered to by the courts." (*Anderson v. Anderson,* 75 Kan. 117, 123, 88 Pac. 743.)

While the contract was oral, it was fully performed by Smith. Such a contract, if sufficiently definite, if well established, fully performed, not in conflict with the statute of frauds and free from inequity, may be specifically enforced. The performance was shown to have been full and faithful, and the situation and circumstances show that there would be no inequity in specific performance. In *Bichel v. Oliver,* 77 Kan. 696, 95 Pac. 396, it was held that:

"Where a man and his wife, who have no children, orally agree that in consideration of a young girl's becoming a member of their family and giving to them love, obedience and service they will rear and treat her as their own child and at their death leave her all of their property, and there is full and faithful performance of the agreement by the girl, such agreement will be enforced by a court of equity, providing there are no circumstances or conditions which would render enforcement inequitable." (Syl. ¶ 1.)

In *Nordboe v. Frye,* 107 Kan. 291, 191 Pac. 282, is was ruled that:

"The evidence is held sufficient to justify findings that when the plaintiff was 14 years of age a contract was made between him and his mother on the one hand and the decedent whose estate is in controversy on the other, that at the death of the latter the plaintiff was to have all of the property he left, in consideration of remaining with him and working for him until the plaintiff should become of age, and that the plaintiff had carried out the agreement on his part." (Syl. ¶ 2.)

And it was further held—

"That enforcement of the contract referred to should not be refused either on the ground of inequity or because of the statute of frauds." (Syl. ¶ 3.)

Objections to rulings on the admission of evidence are suggested but not argued, and are held to be without merit as grounds of reversal.

The judgment is affirmed.