## MAUCK v. UNITED STATES.
### No. 8519.

Circuit Court of Appeals, Ninth Circuit.

Feb. 10, 1938.

James W. Bell, of Los Angeles, Cal., for appellant.

Peirson M. Hall, U. S. Atty., and Francis C. Whelan, Asst. U. S. Atty., both of Los Angeles, Cal. (H. C. Veit, Chief Atty., U. S. Veterans' Administration, of West Los Angeles, Cal., of counsel) for the United States.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment in favor of the plaintiff in an action brought by the United States against W. M. Mauck, administrator of the estate of one August H. Eberhardt.

The estate of Eberhardt, who died intestate on February 29, 1920, consists of $934.-11. Eberhardt was a member of the National Home for Disabled Volunteer Soldiers, at Sawtelle, Cal., from November, 1916, until the day of his death. The government asserts a right to his estate under the provision of 24 U.S.C.A. § 136, that the admission of a veteran into the National Home shall constitute a binding contract between the veteran and the board of managers of the home to the effect that all property of the veteran dying without heirs, next of kin, or legatees, shall become the property of the Board for the use of the post fund of the home, "and that all personal property of said applicant shall, upon his death, while a member, at once pass to and vest in said Board of Managers, subject to be reclaimed by any legatee or person entitled to take the same by inheritance at any time within five years after the death of such member."

The case was tried without a jury. There is no bill of exceptions; consequently the court's findings cannot be challenged. They recite the execution by the decedent of a written contract embodying the requirements of the statute: his admission to

the home in 1916, in reliance upon that contract; his death intestate. It was found that he was not without heirs, but that no heir reclaimed or sought to reclaim the estate within the five years specified in the contract and in the statute.

Since the argument on this appeal, the Supreme Court has decided the identical question here presented. In United States v. Stevens, 58 S.Ct. 388, 82 L.Ed. ——, decided January 17, 1938, the veteran's contract under 24 U.S.C.A. § 136 was held binding as against heirs who did not claim his estate within five years after the veteran's death as required in the statute. It was pointed out in the Stevens Case that the statute requiring the contract did not operate to invade the reserved powers of the state over the course of intestate descent and distribution, inasmuch as the law of the veteran's domicile, Massachusetts, permitted and enforced contracts directing the distribution of the promisor's property after his death.

Such is also the law in California. Nichols v. Emery, 109 Cal. 323, 331, 41 P. 1089, 50 Am.St.Rep. 43; Booth v. Oakland Bank, 122 Cal. 19, 54 P. 370; Treadway v. Board of Directors, 14 Cal.App. 75, 85, 86, 111 P. 111, hearing by Supreme Court denied; Monsen v. Monsen, 174 Cal. 97, 99, 162 P. 90; cf. Cal.Civ.Code, § 1624, subd. 6; Levi v. Murrell, 9 Cir., 63 F.2d 670, 671.

Affirmed.