1014

**UNITED STATES et al. v. GALLAGHER et al.**

No. 1216.

United States District Court
S. D. California, S. D.

June 5, 1951.

Ernest A. Tolin, U. S. Atty., Clyde C. Downing Asst. U. S. Atty., Chief of Civil Division, James C. R. McCall, Asst. U. S. Atty., all of Los Angeles, Cal., for plaintiff.

Fred N. Howser, Atty. Gen., John F. Hassler, Jr., Deputy Atty. Gen., for intervener.

James Don Keller, Dist. Atty. and County Counsel, San Diego, Cal., for defendant.

WEINBERGER, District Judge.

The plaintiffs' motion for a summary judgment presents for decision a controversy between the United States and the State of California as to which of them is entitled to the residue of the estate of George Howard, a veteran of the Armed Forces of the United States, who died while a patient in the Veterans Administration Hospital at West Los Angeles, California, on July 9, 1949.

The veteran died intestate, the owner of $3,351.96 money in bank and ten United States Savings Bonds appraised at $1,840. These items of personalty constituted his entire estate. No spouse, heirs or next of kin survived him. From his money the Administrators of his estate, which is being administered in the probate department of the Superior Court for San Diego County, California, in probate proceeding No. 42936, have paid all the valid claims of creditors and the costs and expenses of administration and the defendant Administrator now has in his custody the residue of the estate in controversy, to wit, $2,273.70 in money and the ten bonds aforesaid.

The United States claims the property by contract with the veteran under Title 38 U.S.C.A. §§ 17–17j, which provides that a veteran, on entering a Veterans Administration facility as a member or patient, agrees that, upon his death while he is receiving care or treatment therein, leaving no spouse, heirs or next of kin, all his personal property not disposed of by will or

otherwise shall immediately vest in and become the property of the United States as trustee for the sole use and benefit of the General Post Fund, and be subject to sale, disbursement, disposition and claim only in a manner permitted by the federal statute. The statute adopts, and authorizes resort to, usual administration proceedings in the various states for the ascertainment and payment, out of the personalty so limited, of all valid creditors' claims and proper expenses and costs of administration. As to the remainder or proceeds thereof, it provides that " * * * such assets, other than money, upon claim therefor within the time required by law, shall be by the administrator of the estate delivered to the Administrator of Veterans' Affairs or his authorized representative, as upon final distribution; and upon the same claim there shall be paid to the Treasurer of the United States for credit to said Post Fund any such money available for final distribution. * * * Such payment or transfer shall constitute a complete acquittance of the transferor with respect to any claims by any administrator, creditor, or next of kin of such decedent." 8 U.S.C.A. § 17d.

The defendant Administrator asserts that his only interest is that an adjudication be made regarding the residue which will be binding on all the parties.

The State's answer as intervenor claims the residue by escheat under California Probate Code, §§ 231 and 1027. It asserts that the above federal statute is void under Amendment X of the U. S. Constitution; that the Government's contract with the veteran is an attempted testamentary disposition void under §§ 27 and 50 of the state Probate Code; and that this Court should withhold its decision herein, pending decisions in certain State Courts of a suit and a probate proceeding which the State says involve the same claims as those made here.

The two State Court proceedings mentioned present, in fact, no conflict of jurisdiction with this Court justifying a delay in deciding this case.

There is no genuine issue as to any material fact.

On or about May 16, 1949, the veteran, a resident of San Diego County, California, applied for admission as a veteran and was admitted as a patient to the above hospital. From then until his death, he was furnished by the Veterans Administration, and he accepted and received, care and treatment as a patient in said facility where he died.

Under and by virtue of Title 38 U.S.C.A. §§ 17 and 17a, a valid contract was created between the veteran and the United States whereby on his death the ownership of all his personal property vested at once in the United States; and the United States is now the owner of the remainder and proceeds of such personalty.

Such contractual limitations on the property of decedents are expressly recognized as valid in California Probate Code § 220, and have been repeatedly sustained as valid by California and federal court decisions. U. S. v. Stevens, 302 U.S. 623, 58 S.Ct. 388, 82 L.Ed. 484; Mauck v. U. S., 9 Cir., 94 F.2d 745; Barr v. Ferris, 41 Cal. App.2d 527, 107 P.2d 269; Patterson v. Chapman, 179 Cal. 203, 176 P. 37, 2 A.L.R. 1467; In re Belknap's Estate, 66 Cal.App. 2d 644, 152 P.2d 657; In re Rath's Estate, 10 Cal.2d 399, 75 P.2d 509, 115 A.L.R. 836; Bergman v. Ornbaun, 33 Cal.App.2d 680, 92 P.2d 654; In re Howe's Estate, 31 Cal. 2d 395, 189 P.2d 5, 1 A.L.R. 1171. See also In re Linquist's Estate, 25 Cal.2d 697, 154 P.2d 879. The statute does not offend Amendment X of the U. S. Constitution; and no will, nor attempt to make a will, is involved.

There are admittedly no surviving spouse, and no known heirs or next of kin. That fact alone is sufficient to require payment and delivery of the residue to the plaintiffs, since such residue does not under those conditions constitute assets subject to final distribution under California Probate Code, §§ 956 and 1000–1027.

The Court therefore concludes that the United States, as trustee, for the sole use and benefit of the General Post Fund, is the owner, by contract with the deceased veteran, of the residue of his estate in the custody of the defendant Administrator; that the plaintiffs are entitled to payment and

delivery thereof in the manner prescribed by Title 38 U.S.C.A. § 17d, and to judgment therefor against the Administrator; that the State of California has no interest in or right to the residue in controversy; and that the plaintiffs' motion for summary judgment should be granted.