**UNITED STATES et al. v. BROWN.**

**Civ. 13783.**

United States District Court<br>S. D. California, Central Division.

Aug. 25, 1952.

Walter S. Binns, U. S. Atty., Clyde C. Downing and James C. R. McCall, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff.

Harold W. Kennedy, County Counsel and Baldo M. Kristovich, Deputy, Los Angeles, Cal., for defendants.

YANKWICH, Chief Judge.

1. Defendant Ben H. Brown resides in and is the Public Administrator of Los Angeles County, California; and is the duly appointed, qualified and acting administra-

tor of the estate of Robert P. Campbell, deceased, under letters of administration issued to him December 15, 1950, by the Superior Court of the State of California in and for the said County in Probate Proceeding No. 312232, in which court and proceeding said decedent's estate is being administered.

2. The said Robert P. Campbell during his life was a veteran of the armed forces of the United States in the Spanish American War, and for many years prior to his death he drew a pension from the United States as such veteran. At the time of his death he resided in Los Angeles County, California, and was 82 years of age. The sole assets of his estate at death was a balance of his account in bank amounting to $1,235.63, which was the unexpended portion of the pension payments theretofore made to him by the United States.

3. On October 20, 1950, said Robert P. Campbell died intestate, while he was a patient receiving care and treatment from the Veterans Administration in the Veterans Administration hospital at Los Angeles, California. He left no surviving spouse, heirs or next-of-kin entitled to inherit his personal property under the laws of the State of California.

4. Said veteran had applied for admission, and was admitted, as a patient into said Veterans Administration facility on November 11, 1948; and from then until his death he was continuously furnished, and he received and accepted from the Veterans Administration, care and treatment as a patient in said facility. His application for admission was made in writing to the Veterans Administration; and printed upon and as a part of said application was a notice to him from the Administrator of Veterans Affairs of the provisions of Title 38 U.S.C.A. §§ 17–17j. These sections in effect provide that upon the death of any veteran receiving care or treatment from the Veterans Administration in any of its facilities, leaving no widow, next-of-kin or heirs entitled to inherit the same, all his personal property, including money or balances in bank, and all claims and choses in action owned and not disposed of by him by will or otherwise, will become the prop-

erty of the United States as trustee for the sole use and benefit of the General Post Fund. The care and treatment he received in said Administration facility was furnished him pursuant to the provisions of said notice upon the application and to the federal statute aforesaid.

5. After his appointment as administrator of the deceased veteran's estate, Ben H. Brown, the defendant, took into his possession the $1,235.63, aforesaid; and in due course of administration he has paid and satisfied therefrom all the debts of the estate, and all charges and expenses of administration; and now has in hand a residue thereof amounting to $857.94 in money, which would be available for distribution to any spouse, heir or next-of-kin if there were any such.

6. On October 26, 1951, the Veterans Administration, acting for the plaintiffs in this action, presented to Ben H. Brown, Administrator, a claim or demand for payment of said residue ($857.94) to the Treasurer of the United States for credit to the General Post Fund, in conformity with Title 38 U.S.C.A. § 17d; but this claim was rejected in full by said administrator on November 19, 1950, and this suit on the claim followed.

7. On November 9, 1948, two days before said Robert P. Campbell entered the Veterans Administration hospital, his wife, Mrs. Isabell Campbell, 69 years of age, with whom he then resided, entered the Los Angeles County General Hospital for treatment as a patient, and she died therein, intestate, four days later, to wit, on November 13, 1948. Mrs. Campbell left no known heirs or next-of-kin; but the defendant administrator rejected the Veterans Administration claim for the residue, upon the theory that the same might be deemed community property under California law, and that one-half or more thereof should be distributed to the State of California under California Probate Code, § 1027.

8. The source of the bank account and of said residue was a pension or gift from the United States Government to the deceased veteran.

372

## Conclusions of Law.

From the foregoing facts the court concludes as a matter of law:

■ (a) That the veteran's balance in bank came to him by gift and was his separate property, not community property, under California Civil Code, § 163.

■ (b) That the $857.94 residue of his estate is the property of the United States of America, as trustee for the General Post Fund, under the contract effected between the veteran and the Veterans Administration, pursuant to Title 38 U.S.C.A. §§ 17-17j. United States v. Gallagher, D.C.So.Cal.1952, 97 F.Supp. 1014, Weinberger, J.; In re Bonner's Estate, 1948, 192 Misc. 753, 80 N.Y.S.2d 122, 126-127.

(c) That the plaintiffs are entitled judgment to the above effect, ordering that said residue be paid by the defendant administrator in due course of administration, to the Treasurer of the United States for credit to the General Post Fund.

## Directions for Judgment.

Let plaintiffs' counsel prepare and submit a draft for judgment complying herewith under the rules of this court.