No. 38,969

In the Matter of the Estates of Edna Witte and Harry A. Witte, Deceased. THE UNITED STATES OF AMERICA, *Appellee,* v. THE STATE OF KANSAS, *Appellant.*

(255 P. 2d 1039)

Opinion filed April 11, 1953.

*E. J. Webber,* special assistant attorney general, argued the cause, and *Harold R. Fatzer,* attorney general, was with him on the briefs for the appellant.

*V. J. Bowersock,* assistant U. S. attorney, of Wichita, argued the cause, and *Eugene W. Davis,* U. S. attorney, of Topeka, and *O. R. Nelson,* chief attorney, Veterans Administration Center, and *R. G. Merrick,* attorney, Veterans Administration Center, both of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This appeal arises from the allowance of a demand against the estate of Harry A. Witte, deceased, the administration of whose estate was united and joined with the administration of the estate of his wife Edna Witte, under the authority of G. S. 1949, 59-2281.

On July 16, 1950, the United States of America filed its petition, alleging that Edna Witte died intestate on December 5, 1949, leaving as her sole heir her husband, Harry A. Witte, and that all of her property as set forth in the inventory of her estate was the sole property of her surviving husband, Harry A. Witte, who is now deceased; that Harry A. Witte was a veteran of World War I and on December 8, 1949, died while a patient and being furnished care and treatment by the Veterans' Administration in its hospital at Topeka, Kansas, and without leaving any spouse, next of kin or heirs entitled under the laws of his domicile to the personal property of which he died intestate; that all of such property at the time of his death, under the terms of 38 U. S. Code (17-17j) immediately vested in and became the property of the United States as trustee for the sole use and benefit of the General Post Fund, a trust fund prescribed by sections 725s (b) (45) of Title 31, United States Code; that 38 U. S. Code (17d) provides that if there be administration upon the decedent's estate, such personal property other

than money, upon claim therefor within the time required by law, shall be by the administrator of the estate delivered to the administrator of Veterans' Affairs or his authorized representative, as upon final distribution, and upon the same claim there shall be paid to the Treasurer of the United States for credit to said General Post Fund, any such money available for final distribution. The prayer of the petition was for judgment that all properties, moneys and securities contained in the inventories and appraisements (in the two estates) were the property of Harry A. Witte; that petitioner's claim be allowed against his estate and that the administrator of his estate be ordered to deliver to the Administrator of Veterans' Affairs or his authorized representative, all personal property other than money in his hands, and to pay to the Treasurer of the United States for credit to the General Post Fund all money available for final distribution.

The State of Kansas entered its appearance and filed objections to the allowance of the above demand for three reasons: 1. That the United States Statutes on which the petitioner based its claim are unconstitutional as being in direct contravention of the tenth amendment to the Constitution of the United States; 2. that all of the property of the decedents is held in trust for the heirs of Harry A. Witte and should be ordered held in trust by the State of Kansas until claimed by an heir or heirs of Harry A. Witte or for a period of ten years from the date of his death, whichever is sooner; 3. that the court should order all of the property of Harry A. Witte, which remains unclaimed by his heir or heirs at the end of the ten-year period, escheated to the State of Kansas.

At the hearing in the probate court the demand was not allowed and the administrator was directed to proceed with the administration of the two estates in accordance with applicable law, and thereafter the petitioner perfected its appeal to the district court.

In the district court a trial *de novo* was had. The demurrer of the State of Kansas to the petitioner's evidence was taken under advisement. The abstract does not disclose any evidence the state may have offered, but the journal entry of judgment discloses that it did request the court to make conclusions of law and of fact, and that was done, and they will be referred to later. The judgment of the court was that the claim of the United States be allowed and that the *real estate* owned by Harry A. Witte at the time of his death, or the net proceeds derived from sale thereof, plus rents and

less certain charges, be held in trust by the State of Kansas until claimed by his heirs or for a period of ten years from his death, whichever was sooner, and if not so claimed within that period the property escheat to the State of Kansas under the provisions of G. S. 1949, 59-901, *et seq*. The state's motion for a new trial was denied and it appeals, specifying error in particulars hereafter discussed.

The gist of the trial court's conclusions of fact follows: Harry A. Witte, a veteran of World War I, applied for admission to the Veterans' Administration Hospital at Topeka on July 1, 1948, for hospital care and treatment. At that time his attention was called to the provisions of Title 38, U. S. Code, 17-17j, and that the conditions stated were a part of his application for hospital treatment; from the time of his admission in the hospital until his death, Harry A. Witte was continuously furnished and he received and accepted treatment as a patient for a period of 525 days, and died on December 8, 1949, while receiving care and treatment. Edna Witte died intestate on December 5, 1949, leaving as her sole heir, her husband Harry A. Witte, and he became the owner of all of the property inventoried in her estate subject only to the payment of her debts and funeral expenses. At the time of his death Harry A. Witte was the owner of the real estate and personal property, including moneys on deposit, all as set forth in the inventories of the estates of Edna Witte and Harry A. Witte. Harry A. Witte died intestate leaving no spouse, heirs or next of kin entitled to his estate. The United States of America made timely claim and demand for all personal property of the estate of the veteran Harry A. Witte by virtue of Title 38, U. S. Code, § 17-17j, as trustee, for the use and benefit of the General Post Fund. An included statement of the contentions of the State of Kansas will not be set forth as those contentions are treated later. The court made conclusions of law as follows: That Title 38, U. S. Code, § 17-17j, is constitutional and not in contravention of the tenth amendment to the Constitution of the United States; that Harry A. Witte entered into a valid contract with the United States of America under the above statute by his application for hospital treatment and his acceptance of care and treatment; that the contract was valid under the laws of Kansas and not contrary to public policy; that the United States of America, as trustee for the sole use and benefit of the General Post Fund, was entitled to the personal property and moneys in the hands

of the administrator available for final distribution, and that the State of Kansas, under G. S. 1949, 59-901, *et seq.*, was entitled to the real estate owned by Harry A. Witte at the time of his death or the net proceeds from its sale, plus rentals and less expenses, available for final distribution. We here note that the verified application of Harry A. Witte for hospital treatment, after setting forth factual details concerning which there is no controversy, included a final statement, reading:

"I understand all questions and answers on this form and the printed provisions on the reverse side hereof, including the penalty provided for making a false statement hereon. The answers to all questions are true and complete to the best of my knowledge and belief."

On the reverse side appeared the following:

"This application is made with notice of Public Law No. 382 approved December 28, 1941 (38 U. S. Code 17-17j) which in effect provides that upon the death of any veteran receiving care or treatment by the Veterans Administration in any institution leaving no widow (widower), next of kin or heir entitled to inherit, all personal property, including money or balances in bank, and all claims and choses in action, owned by such veteran, and not disposed of by will or otherwise, will become the property of the United States as trustee for the Post Fund."

In order that there be no misunderstanding it is noted that although Harry A. Witte owned real estate and personal property, including money, at the time of his death, the United States of America, as petitioner, asserted claim only to the personal property and money. The claim of the petitioner is founded upon the provisions of Title 38, U. S. Code, § 17 *et seq.*, the constitutionality of which the state challenges. It is not necessary that we make a detailed review of the statute, it being deemed sufficient for our purposes to state that under section 17 any veteran who shall die while a patient in any hospital while being furnished care or treatment by the Veterans' Administration and who shall not leave surviving him any spouse, next of kin or heirs, entitled under the laws of his domicile to his personal property as to which he dies intestate, all such property including money owned by him and not disposed of by will or otherwise, shall immediately vest in and become the property of the United States as trustee for the sole use and benefit of the General Post Fund, a trust fund prescribed by another statute, and that the foregoing provisions are conditions precedent to the initial and further furnishing of care or treatment by the Veterans' Administration in a hospital; that the acceptance of care or treatment by any veteran shall constitute an acceptance of the provi-

sions and conditions of the statute and have the effect of an assignment, effective at his death, of such assets. Sections 17a, 17b and 17c need not be reviewed. Section 17d provides that if there be administration upon the decedent's estate, such assets, other than money, upon claim therefor within the time provided by law, shall be by the administrator of the estate delivered to the administrator of Veterans' Affairs or his authorized representative, as upon final distribution. Section 17g provides that the administrator of Veterans' Affairs shall prescribe a form of application for treatment and care which shall include notice of the provisions of the statute. Section 17j confers power upon the administrator of Veterans' Affairs to issue rules and regulations necessary or appropriate to carry out the purpose of the act.

The state, as appellant, first contends its demurrer should have been sustained because the petitioner's evidence failed to prove that Harry A. Witte left no heirs and an argument is made that further search may disclose heirs; that there is a presumption Witte did leave heirs, citing authorities; that the evidence did not overcome the presumption, and that all the proof showed is that he died without "known" heirs, in which case his estate was to be administered under G. S. 1949, 59-901, *et seq.*, under the terms of which the estate of a decedent "without known heirs" is to be administered as provided in that statute. We cannot sustain the appellant's contention. We have carefully examined the evidence as abstracted and are of the opinion the petitioner's proof made a prima facie case that the decedent left no heirs. It is noted there was no evidence to the contrary. We note that in *In re Bonner's Estate* (1948) 192 Misc. 753, 80 N. Y. S. 2d 122, it was held that under the statute involved, the United States did not have the burden of proving that the decedent left no distributees as a condition precedent to its right to the fund. We need not follow that case in view of our holding that petitioner had made a prima facie case.

Appellant also contends that the statute relied upon by the petitioner is unconstitutional and in direct contravention of the tenth amendment to the Constitution of the United States which provides that "powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." It is argued that the States have not delegated their escheat rights to the United States; that probate jurisdiction over the property of a resident within the state is the exercise

of a state right, and our attention is directed to authorities to the effect that the state has sole and exclusive power over the disposition of property under its jurisdiction. That argument depends wholly on the assumption that the federal statute under consideration is an attempt to regulate and control the devolution of property. In view of our conclusion later stated it is not necessary we pursue the contention further although we do note that it was held in *United States, et al., v. Gallagher*, 97 F. Supp. 1014, that the statute did not violate the tenth amendment. And also see *United States v. Stevens*, infra.

In support of the judgment in its favor the United States directs attention to article VI, paragraph 2, of the Constitution of the United States, that the Constitution and the laws of the United States made in pursuance thereof shall be the supreme law of the land and the judges of every state shall be bound thereby, and inferentially, that hospitalization and care of veterans of the military forces of the United States is a proper function of the United States and statutes with respect thereto are the supreme law of the land. Its principal argument however is that the statute is not one of escheat or of the control of who shall receive a decedent's estate, but one providing for a contract, and that it bases its claim on a contract authorized by and executed under the statute. In support it relies principally on *United States v. Stevens*, 302 U. S. 623, 58 S. Ct. 388, 82 L. Ed. 484. Reference to that case will disclose it arose under a statute, which for present purposes was substantially like the one presently relied upon. In that case Thomas McGovern had served in the United States army. His wife and daughters left him and all family ties were broken. His son who continued to live with him was committed to an insane asylum. When 72 years of age he applied for admission to a National Home for Disabled Volunteer Soldiers, signing an application, set out in part in the opinion, that in the event of his death leaving no heirs at law or next of kin, all personal property owned by him at the time of his death, not disposed of by will, should vest in and become the property of the board of managers for the sole use and benefit of the post fund of the Home. He died on September 17, 1928, while an inmate of the Home. His wife died in 1933. His daughters learned of his death in October, 1935. No claim to his property was filed within five years after his death. The United States then brought an action to require payment of his funds on deposit in a bank. The heirs contended that as he left heirs, the title to the personal property did not pass

and that the statute authorizing the Home to make the contract was invalid. The United States district court rendered judgment for the United States, the circuit court reversed, and on appeal the Supreme Court upheld the contract and as the heirs had not made claim within five years after the death of McGovern, the moneys became the property of the United States. In the course of the opinion the claim of unconstitutionality was noted but it was held the contract was valid under the applicable state law and that nothing indicated it was not fairly and voluntarily entered into, or that it was inequitable, unjust or not upon valuable consideration, and that it was enforceable.

In *United States v. Gallagher,* supra, contentions were made similar to those now presented by appellants. The cause arose under the same statute as is here involved. *United States v. Stevens,* supra, was followed and judgment was for the United States. We note that during the course of the opinion it was said:

"There are admittedly no surviving spouse, and no known heirs or next of kin. That fact alone is sufficient to require payment and delivery of the residue to the plaintiffs, since such residue does not under those conditions constitute assets subject to final distribution under the California Probate Code . . ." (1. c. 1015.)

See also *In re Gonsky's Estate,* ____ N. D. ____, 55 N. W. 2d 60.

Appellant contends that the contract is not valid under the laws of Kansas and since it was executed in Kansas and concerns property within this state the law of Kansas governs. The contention seems to be that as Witte retained dominion over his property until he died and under the contract could have given it away or disposed of it in his lifetime, or could have disposed of it by will, the only way it could have gone to the United States would be by testamentary disposition, and the contract was not executed as such. In support appellant quotes excerpts from an abstract of the briefs as shown in the A. L. R. report of *Hale v. Wilmarth,* 274 Mass. 186, 174 N. E. 232, 73 A. L. R. 980. Reference to that opinion will disclose that while the court did say that an attempted *gift* of property to take effect on the death of the donor without the delivery of the property, control and dominion of which was retained by the donor during his lifetime, was invalid but that the statute of wills did not prevent an owner of property from stipulating by contract for the dispostion of his property at the time of his death and that the testatrix did not make a gift,

she made a contract supported by a consideration. We have repeatedly held that where it is clearly established that a definite contract has been made to convey property or to devise it by will in payment for services rendered, and there has been performance by the promisee, equity will grant relief if there is no inadequacy of consideration and in equity and good conscience the promisee should have and enjoy the property sought as against those who otherwise would be entitled to it. (*Anderson v. Anderson*, 75 Kan. 117, 88 Pac. 743; *Heery v. Reed*, 80 Kan. 380, 102 Pac. 846; *Nordboe v. Frye*, 107 Kan. 291, 191 Pac. 282; *Braden v. Neal*, 132 Kan. 387, 295 Pac. 678; *Woltz v. First Trust Co.*, 135 Kan. 253, 9 P. 2d 665; *Smith v. Marshall*, 137 Kan. 55, 19 P. 2d 441; *Schuler v. Rehberg*, 145 Kan. 176, 64 P. 2d 571; *McEnulty v. McEnulty*, 146 Kan. 198, 69 P. 2d 1105; *Dent v. Morton*, 148 Kan. 97, 79 P. 2d 875; *Imthurm v. Martin*, 150 Kan. 906, 96 P. 2d 860; *In re Estate of Koellen*, 162 Kan. 395, 176 P. 2d 544; and cases cited therein.) In most of the cited cases, the agreement was that the promisee would receive all of the property of the promisor at the time of his death. We cannot conceive that any different rule would apply where the contract was limited to personal property. In the instant case the contract is clearly established, it is conceded that for a period of seventeen months Witte received hospital care, treatment and maintenance, and if in equity and good conscience there is any reason why the contract should not be enforced it has not been made to appear. And perhaps another reason .why the appellant cannot prevail is that the contract was authorized by a controlling statute of the United States, the validity of which has been upheld. The contract was valid under that statute.

The judgment of the trial court is affirmed.