**UNITED STATES of America, as Trustee for the General Post Fund; and Harvey v. Higley, as Administrator of Veterans Affairs, Plaintiffs,**

v.

**SECURITY–FIRST NATIONAL BANK OF LOS ANGELES, a national banking association, Defendant.**

Civ. A. No. 16084.

United States District Court, S. D. California, Central Division.

March 30, 1955.

Laughlin E. Waters, U. S. Atty., for the Southern District of California, by Max F. Deutz and Andrew J. Davis, Jr., Assts. U. S. Atty., Los Angeles, Cal., for United States, as Trustee for the General Post Fund, and Harvey v. Higley, as Administrator of Veterans Affairs.

Edmund G. Brown, Atty. Gen., of the State of California, by John F. Hassler, Jr., Deputy Atty. Gen., appeared as amicus curiae on behalf of the State of California.

Sheppard, Mullin, Richter & Balthis, by Cameron W. Cecil, Los Angeles, Cal., for defendant.

TOLIN, District Judge.

This is an action by the United States to recover from the defendant bank a certain sum deposited in the bank by one Theodore Morris, now deceased. The Government claims that on the death of Morris, it became the owner of this deposit by virtue of a contract between the deceased and the Veterans Administration, but that the defendant has refused to pay such amount to the United States.

The defendant answered, admitting the deposit to the credit of Morris, but denying all other allegations of the Complaint on the grounds that it has no information as to the truth of the facts alleged. The answer further alleges that the State of California has also demanded payment of this deposit by virtue of California Probate Code § 231, which provides for the escheat of unclaimed property. The defendant also filed a cross-claim in interpleader and the State of California was made a party defendant. No answer was filed by the State to either the Complaint or the cross-claim. The State has, however, submitted a brief as *amicus curiae*. The matter was duly tried and taken under submission by the Court. Thereafter an administrator of Morris' estate qualified under California law but he has not appeared in the action, and insofar as the record shows, has not been served with summons. When the Court learned[1] that this had occurred, the submission of the case was vacated, and the Court suggested to the parties that some steps be taken to bring the Administrator into the case. Almost three months have elapsed and no party having acted on the Court's

suggestion, decision is now made with the Court taking judicial notice that an administrator has qualified but is not a party to the suit. Most adjudicated cases involving the particular Statute here involved, or similar statutes, were actions between the United States and an executor or an administrator of a deceased veteran. In this way this case differs from the ordinary and this Court must act in the face of a conscious avoidance by the litigants of the desirable procedure of bringing the executor into the suit.

Morris died while a patient at a Veterans Administration Hospital. The State of his residence was California. At the time he entered the hospital, the decedent executed an "Application For Hospital Care Or Domiciliary Treatment". This application contained a question and answer series, an application for domiciliary care, the applicant's signature, and then a footnote which contained the following provision:

"Note—This application is made with notice of Public Law No. 382 approved December 26, 1941 (38 U. S.Code §§ 17–17j) which in effect provides that upon the death of any veteran receiving care or treatment by the Veterans Administration in any institution leaving no widow (widower), next of kin or heir entitled to inherit, all personal property including money or balances in bank, and all claims and choses in action, owned by such veteran, and not disposed of by will or otherwise, will become the property of the United States as trustee for the Post Fund."

1. No party has challenged the validity of this agreement on the ground that there was no agreement as to the footnoted matter, and although a footnote to an application for admission to a hospital is not an exemplary way to establish privity of contract, in the absence of challenge, it is sufficient. Considering that applicants for domiciliary care in a hospital are usually sick and

1. By an informal letter from the Attorney General of California.

often lacking acute mental perception, the force of a footnote to the entry application (the footnote purporting to create a special contract of unusual character) might be considerably diminished, and frequently destroyed by a careful inquiry into the circumstances of the execution of the application for domiciliary care.[2] Section 17 of Title 38 U.S.C.A., provides:

> "Effective ninety days after December 26, 1941, whenever any veteran (admitted as a veteran) shall die while a member or patient in any facility or any hospital while being furnished care or treatment therein by the Veterans' Administration, and shall not leave surviving him any spouse, next of kin, or heirs entitled, under the laws of his domicile, to his personal property as to which he dies intestate, all such property, including money and choses in action, owned by said decedent at the time of death and not disposed of by will or otherwise, *shall immediately vest in and become the property* of the United States as trustee for the sole use and benefit of the General Post Fund, a trust fund prescribed by section 725 s(b) (45) of Title 31." (Emphasis supplied.)

That contracts of this character may be valid if properly entered into, is firmly established by Supreme Court adjudication.[3]

With a history of adjudications that such contracts are proper, this Court need not concern itself with the exact theory which sustains the contract. It is enough that in law such a contract is enforceable, and there is no claim of lack of factual basis in this case.

What does concern the Court is the attempt to circumvent the entire probate process which is essentially a State proceeding. Article X of the Amendments to the Constitution provides that "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, \* \* \*."

2. Nowhere in the Constitution or amendments is there the slightest suggestion that the right to administer decedents estates has been delegated to the United States. Although the contract sued upon is not testamentary, the enforcement of the contract definitely depends on a state of affairs (lack of heirs or will) traditionally determined in a probate court, which is a State and not a Federal court. The residence of the decedent Morris was California. That State has a clear, definite and simple procedure to determine whether there were surviving heirs and, if so, their identity.[4] The Federal statutes are barren of any like provision for the simple reason that the subject matter of determining heirship is a State and not a Federal procedure. This is very different from the adjudication of rights which may arise under the contract. The controlling factor in the present case is that this Court is not merely asked to determine the validity of the contract, but to determine that there are no heirs, no will, and no creditors who might have a right to be paid promptly out of the estate which includes the fund in defendant bank. The questions are to be determined by the Probate Court without reliance on an executive bureau of the Federal Government to which neither the duty or power has ever been delegated (except by Congress, which cannot delegate a right of a State).

Moreover, the State has a definite procedure for establishing the existence, or non-existence, of a will [5] or of creditors.[6]

---

2. The complaint was amended in open court to provide that decedent was a resident of California.

3. United States v. Stevens, 302 U.S. 623, 58 S.Ct. 388, 82 L.Ed. 484. See also, United States v. Gallagher, D.C.S.D.Cal., 97 F.Supp. 1014.

4. California Probate Code, §§ 1080, 1081, 1082, 1240.

5. California Probate Code, §§ 20–163; 200–230.

6. California Probate Code, §§ 710–739.

3. Although it appears that if all questions as to intestacy, creditors, lack of heirs and the like are resolved favorably, the Government has a probable good claim to the estate, these problems of probate are for the Courts of California and the present case before this Court is at least premature, and might even be disposed of in the State Court where administration is pending.

Defendant may prepare a judgment of dismissal.