OPINION OF THE COURT
C. Raymond Radigan, J.
In this accounting proceeding by the removed preliminary executor, the matter has been submitted for a decision as to the necessary parties to be cited and the manner of service of process. The public administrator is presently the administrator of the estate following a settlement of the probate contest in which the will was denied probate. Although citation has not as yet issued, the public administrator has appeared and filed objections to the account.
 SCPA 2210 lists all of the persons required to be cited on a voluntary judicial settlement of an account, *52 including all unpaid creditors, the surety on any bond, all cofiduciaries, and any successor representative, together with all distributees or beneficiaries. In the case of a successor, SCPA 2210 (subd 4) states that “if no successor has been appointed, all persons interested [should be cited] who are required to receive process under this section.” The term “person interested” is defined in SCPA 103 (subd 39) as a beneficiary of the estate. Accordingly, SCPA 2210 (subd 4) infers that if a successor has been appointed, beneficiaries of the estate need not receive process since they would be virtually represented by the successor. This is similar to accounting to an independent trustee who virtually represents the beneficiaries of the trust (SCPA 2210, subd 10). However, this would not apply to creditors of the estate (SCPA 103, subd 39) nor most of the other parties listed in SCPA 2210, since they are not within the definition of “persons interested”. Accordingly, process must be served on all unpaid creditors, including those listed in Schedule C-l (unpaid administration expenses) and Schedule D (all creditors’ claims). With regard to Schedule D, the petitioner has improvised on the official items 1 through 5 by including his own item 6 as “claims presented and neither allowed, rejected, nor paid”. SCPA 1806 requires that unless a fiduciary shall, prior to the filing of his account, give written notice of the rejection of a claim presented to him or unless it is deemed rejected, the claim shall be deemed an allowed claim. Accordingly, the petitioner should consider amending Schedule D to excise item 6 and either reject or allow the three claims listed there prior to the issuance of citation, otherwise they may be deemed allowed.
Since objections have already preliminarily been filed to a number of the unpaid creditors, petitioner’s attention is directed to SCPA 1807 which requires that a copy of the objections shall be served upon all parties who have appeared, and if a claimant has not appeared, then a copy of such objections shall be served upon him personally or by mail.
Since there are more than 25 creditors upon whom process must be served, petitioner will be permitted to *53 serve them by certified mail without return receipt (SCPA 307, subd 5).
While, as indicated above, the distributees of this estate are not required to be cited since the successor representative would virtually represent them; nevertheless, they may voluntarily appear as they have already done.
Under a portion of the stipulation of settlement in which the will was denied probate, the bequests to charities was to nevertheless be paid. This includes a bequest of “$1,000 to the Catholic Church of Valley Stream (in Long Island Diocese)”. One of the attorneys for the petitioner states that she has been advised by the local attorneys for the Diocese of Rockville Centre that there are two Roman Catholic Churches in Valley Stream, one of which, the Roman Catholic Church of The Holy Name of Mary, the decedent was a member of based upon the location of her residence. The petitioner nevertheless requests the issuance of citation to the two churches involved and to the Attorney-General, and that the court determine the matter under the cy pres doctrine.
The court has been in touch with the attorneys for the Diocese and they are agreeable to submitting any consent to jurisdiction required including a waiver or consent from the church in which the decedent apparently was not a parishioner. Accordingly, the issuance of citation on this question will not be necessary.
The motion to strike the demand for jury trial by petitioner will be held in abeyance pending the completion of jurisdiction and the joinder of any issue.