OPINION OF THE COURT
James D. Pagones, J.
A petition has been filed in this court for the probate of decedent’s last will and testament dated May 24, 1988. The decedent divided his estate among the Veterans Administration, Carpenter Memorial United Methodist Church, Stanford Grange No. 808, the American Red Cross, Disabled American Veterans and Louis and Mattie Kirven. The Department of Veterans Affairs appeared in this proceeding and apparently noticed petitioner for examinations pursuant to SCPA 1404 as a precursor to objecting to probate of decedent’s will. Petitioner contends that the Department of Veterans Affairs (DVA) lacks standing to demand such examinations or to object to probate. SCPA 1410 governs those persons who may file objections to the probate of an alleged will. That section provides:
“Any person whose interest in property or in the estate of the testator would be adversely affected by the admission of the will to probate may file objections to the probate of the will or of any portion thereof except that one whose only financial interest would be in the commissions to which he would have been entitled if his appointment as fiduciary were not revoked by a later instrument shall not be entitled to file objections to the probate of such instrument unless authorized by the court for good cause shown.” (SCPA 1410.)
The DVA contends that it has standing to file objections because probate of decedent’s will adversely impacts its financial interest in the estate. Under decedent’s will, the DVA is entitled to 10% of decedent’s residuary estate. However, if the will were not probated, the DVA contends that it would be entitled to the entire residuary estate pursuant to 38 USC § 8520 which provides:
“(a) Whenever any veteran (admitted as a veteran), or a dependent or survivor of a veteran receiving care under the penultimate sentence of section 1781(b) of this title, shall die while a member or patient in any facility, or any hospital while being furnished care or treatment therein by the Department, and shall not leave any surviving spouse, next of kin, or heirs entitled, under the laws of the *221 decedent’s domicile, to the decedent’s personal property as to which such person dies intestate, all such property, including money and choses in action, owned by such person at the time of death and not disposed of by will or otherwise, shall immediately vest in and become the property of the United States as trustee for the sole use and benefit of the General Post Fund (hereinafter in this sub chapter referred to as the ‘Fund’), a trust fund prescribed by section 1321(a) (45) of title 31.
“(b) The provisions of subsection (a) are conditions precedent to the initial, and also to the further furnishing of care or treatment by the Department in a facility or hospital. The acceptance and the continued acceptance of care or treatment by any veteran (admitted as a veteran to a Department facility or hospital) shall constitute an acceptance of the provisions and conditions of this subchapter [38 USC § 8520 et seq.] and have the effect of an assignment, effective at such person’s death, of such assets in accordance with and subject to the provisions of this subchapter and regulations issued in accordance with this subchapter [38 USC § 8520 et seq.].”
Accordingly, since it is undisputed that decedent died without heirs while a patient in a VA facility, 38 USC § 8520 would permit decedent’s entire estate to escheat to the DVA if the will was not admitted to probate. (38 USC § 8520 et seq.)
Counsel for the DVA emphasizes that the effect of the statute is to create “an assignment effective upon the date of (decedent’s) death, of his personal assets, to the DVA.” That assignment, of course, would only be effective if decedent was intestate. The DVA does not contend that the statute deprives a testator of the right to dispose of his assets by valid will simply because he died in a VA facility. The statute specifically states that the escheat provisions in subdivision (a) are “conditions precedent” to furnishing care and treatment in a DVA facility. By accepting care and treatment, a veteran is deemed to have agreed to the provisions and conditions of the statute and to have made an assignment of his assets unless he has made a will. Essentially, by accepting treatment and care from the DVA, the veteran agrees to provide all of his assets in consideration of such treatment unless he otherwise disposes of them prior to his death or by will at his death.
*222 38 USC § 8521 provides:
“The fact of death of a veteran (admitted as such), or a dependent or survivor of a veteran receiving care under the penultimate sentence of section 1781(b) of this title, in a facility or hospital, while being furnished care or treatment therein by the Department, leaving no spouse, next of kin, or heirs, shall give rise to a conclusive presumption of a valid contract for the disposition in accordance with this subchapter [38 USC § 8520 et seq.], but subject to its conditions, of all property described in section 8520 of this title owned by said decedent at death and as to which such person dies intestate.”
Consistent with that provision, the DVA has long asserted, as it does herein, that “the statute is not one of escheat or of the control of who shall receive a decedent’s estate, but one providing for a contract, and that it bases its claim on a contract authorized by and executed under the statute.” (In re Witt’s Estate, 174 Kan 360, 366, 255 P2d 1039, 1044 [1953].)
It has been held that the DVA’s entitlement to the estate of a veteran dying in its care is “by contract with the deceased veteran.” (United States v Gallagher, 97 F Supp 1014, 1015 [SD Cal 1951].)
As such, the DVA is no more than a potential creditor of a veteran’s estate where there is an existing will. As a creditor, the DVA is specifically excluded from objecting to probate (SCPA 103 [39]; Matter of May, 111 Misc 2d 51 [Sur Ct, Nassau County 1981]).
Therefore, I find that the DVA does not have standing to compel examinations pursuant to SCPA 1404 or to object to probate of the decedent’s will. No objections having been filed by an interested person, I am simultaneously issuing a decree admitting decedent’s will to probate and issuing letters testamentary as requested.